## Allen's Ex'or. *vs.* Shelby.

ERROR TO MERCER CIRCUIT.

1. Before the adoption of the Code of Practice persons who were parties to the record in suits at law, were not in general competent witnesses; since the Code of Practice parties to the record are competent witnesses for each other, unless interested in the issue in behalf of themselves or others united with them in the issue. (*Code of Prac., Sec.* 586.)

2. Under the Code of Practice, where two are sued and judgment entered against one, he is then a competent witness for another defendant to testify in his defense.

Judge SIMPSON delivered the opinion of the court.

This was an action on a promisory note, executed by two persons, brought by Shelby against Benjamin C. Allen, the surviving obligor, and the executor of the other obligor, who had died. The defendant, Benjamin C. Allen, did not file an answer but confessed judgment. The executor put in an answer, relying upon the fact that a large part of the debt sued for was usury. Upon the trial of this issue, made up between the plaintiff and the executor, the latter offered his co-defendant as a witness, to prove that the debt sued for was in fact the debt of the deceased obligor; that the witness was merely the surety in the note, and that no change had been made in the attitude of the parties since the debt was created. This fact was material, because the plaintiff attempted to prove that the debt, which was originally the debt of the deceased obligor, had been settled by the parties, and the money loaned more than five years before the commencement of this action to the surviving obligor,

and that the deceased obligor was his surety. By such change of indebtedness it was contended that all the usury in the transaction, prior to the execution of the note sued on, having been paid, constituted no part of the debt demanded in this action, and could not be reclaimed in consequence of the time that had elapsed since its payment. The witness was rejected by the court as incompetent, and the question to be determined is, whether his rejection was proper or not.

Before the adoption of the Code of Practice, a party to the record was, as a general rule, inadmisable as a witness in an action at law, but the law in this respect has, to some extent, undergone a change, by the provisions of the Code. All persons, except those enumerated in section 568, are declared competent to testify in a civil action. " Persons interested in an issue in behalf of themselves, and parties to an issue, in behalf of themselves or those united with them in the issue," are among the persons enumerated as incompetent; but persons who are merely parties to the record are not mentioned in this classification of the persons who shall be deemed incompetent to testify.

Had then the defendant, who was offered in this case as a witness, any interest in the issue that was tried between the plaintiff and the executor ? As the witness was no party to the issue, if he had no interest in it, he was competent.

As the Code authorizes a separate judgment to be entered against any one of the defendants, when two or more persons are sued, the judgment which had been confessed by the person offered as a witness, could not be disturbed, or in any degree affected, by the decision of the issue between the plaintiff and the other defendant. If the defendant, who was a party to the issue, succeeded and no judgment was recovered against him by the plaintiff, still the judgment against the witness was not affected by the result. If, on the contrary, the plaintiff recovered a judgment,

1. Before the adoption of the Code of Practice, persons who were parties to the record in suits at law, were not in general competent witnesses; since the Code of Practice, parties to the record are competent witnesses for each other, unless interested in the issue in behalf of themselves or others, united with them in the issue. (*Code of Practice, sec.* 568.)

2. Under the Code of Practice, where two are sued and judgment entered against one, he is then a competent witness for another defendant to testify in his defense.

it should be a separate judgment against the defendant in the issue, who would be alone responsible for the costs occasioned by the trial of the issue, to which the other defendant was no party. It is then obvious that the witness had no interest in the issue, and the fact he was called upon to prove could not, if established by him, operate to any extent in his favor.

Wherefore, for the error of the court in rejecting the witness as incompetent, the judgment is reversed, and cause remanded for a new trial and for further proceedings consistent with this opinion.

BALLINGER for plaintiff; BELL and FOX for defendant.