CASE 49—ACTION TO ENFORCE MECHANIC'S LIEN—Nov. 22.

# Tarr and Templin, Etc. v. Muir, Etc.

### APPEAL FROM BOURBON CIRCUIT COURT.

1. MECHANIC'S LIEN—PROPERTY OF MARRIED WOMAN.—Since the adoption of the act of March 15, 1894, concerning the rights of married women, a written contract is not necessary to create a mechanic's lien upon the realty of a married woman.
2. SAME—IMPLIED CONTRACT.—Where a contract for the improvement of a married woman's property was made by her husband, it is nevertheless subject to the mechanic's lien where it appears that she had knowledge of the erection of the improvements and took possession of them after they were completed.

McMILLAN & TALBOTT FOR APPELLANTS.     (DENNIS DUNDON OF COUNSEL.)

1. As to the difference between a *femme sole* and a married woman under the act of 1894, who is not a *femme sole*: Ky. Stats., secs. 2127, 2128, 2147; Genl. Stats., ch. 52, art. 2, sec. 6; Hart v. Grigsby, 14 Bush, 553; Sypert v. Harrison, 88 Ky., 461; Garner v. Willis, 92 Ky., 386.
2. Where an agent fails to disclose the principal, the principal is still liable. Tutt v. Brown, 5 Litt., 2; Wilson v. Thompson, 1 Met., 127.

T. E. MOORE, JR., AND JOHN S. SMITH FOR APPELLEES.

The contract for the improvement of Mrs. Muir's property was not made with her or with anybody who was authorized to act as agent for her. In the absence of such proof of agency she is not liable. Phillips on Mechanic's Lien, p. 146; Ky. Stats., ch. 79, art. 1, sec. 1; Fetter, &c., v. Wilson, &c., 12 B. M., 92; Passmore, &c., v. Eastin's Admr., 90 Ky., 380; Webster v. Tattershall, 18 Ky. Law Rep., 439; Johnson v. Tuterwiler, 33 Ind., 353.

SAME COUNSEL FOR APPELLEES IN A PETITION FOR A REHEARING.

Additional citation:   Jones on Liens, vol. 2, sec. 1263.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The object of this action was the enforcement of certain liens upon a house and lot owned by the appellee, Kate L. Muir; the alleged liens being for labor and material used

in the building of a dwelling house upon a lot of ground in Paris, Ky., the property of appellee, Mrs. Muir.

The building of the house, labor and material furnished were not controverted.

It also seems that the several appellants filed their claims in the county clerk's office, claiming and asserting their alleged liens in the manner and within the time provided by law.

The labor and material were furnished in the year 1896.

The answer of appellee, Mrs. Muir, denied that she made any contract with any of the appellants for labor or material used in the construction of the house; also denied that appellee, Mr. Muir, had any authority to sign her name to any of the contracts.

It appears that Mrs. Muir, upon the petition of herself and husband, was, on October 20, 1887, empowered by the Bourbon Circuit Court to make contracts, sue and be sued as a single woman, and dispose of her property by will or deed.

Afer the issues were fully made up, the cause was referred to the master commissioner to take proof and report. It appears from the commissioner's report that he was of the opinion, and so reported, that the appellants were not entitled to any lien upon the lot in question, for the reason that they had no contract in writing with appellee Kate L. Muir for the building of the house or furnishing the material.

Exceptions were filed by appellants to the report of the master commissioner, which exceptions were not acted on by the court. But the court rendered a judgment dismissing appellants' petition, and from that judgment this appeal is prosecuted.

Section 2479 of Kentucky Statutes reads as follows:

"The provisions of the preceding sections shall apply to, and may be enforced against, a married woman, and property owned by her, if the service or labor was performed or the material furnished under a written contract signed by her." This section is part of chapter 151 of the act of February 25, 1893, title "Liens."

It seems to be one of the contentions of appellee that the section *supra* requires all contracts referred to in said chapter, made with married women, to be made in writing, signed by them.

We think the fair construction of the section quoted is that it applies only to married women under the disability common to coverture, and not to a married woman who has been invested with the powers of a *feme sole* by a judgment of a court of competent jurisdiction.

It seems to us that, when a married woman is invested with the powers aforesaid, she is bound by her contracts to the same extent that she would be if unmarried.

But, even if the foregoing is not the true construction to be given to the section *supra*, yet it seems clear to us that the act of March 15, 1894, concerning the rights of married women, invests a married woman with the same power to create liens upon her property for the improvements thereof as is possessed by unmarried women, or by men in general.

It is provided by section 2128 of the act last named: "A married woman may take, acquire and hold property, real and personal, by gift, devise or descent, or by purchase, and she may, in her own name, as if she were unmarried, sell and dispose of her personal property. She may make contracts, and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her hus-

band join in such contract; but she shall have the power and right to rent out her real estate, and collect, receive and recover in her own name the rents thereof, and make contracts for the improvement thereof."

The decisions of this court relied on for appellee are not applicable to the case at bar.

It is, however, insisted for appellee that she had no contract with appellants, that the contract was made with her husband, and that she was not at all responsible therefor, and that no lien could attach to her property. It is further insisted that the appellee Mr. Muir was not authorized to sign her name to the contract or specifications, relied on by appellants; also that she did not sign her name to O. K. some of the bills.

In our opinion, it is not of much consequence whether the signing of her name was with or without her authority.

It is a general rule of law that, if a party accepts services and articles of value, the law implies a contract or promise to pay therefor.

It is certain that, if appellee, Mrs. Muir, had contracted for a building of the house, the appellants would be entitled to a lien upon the property for the sums due them.

It is evident that Mrs. Muir knew that the work was being performed and the material furnished. She took some interest in the manner in which the building was to be erected. She, with her husband, has occupied the same, and, it seems, rented out part of it, and collected the rent therefor.

It is also evident that the appellants supposed that they acquired a lien upon the property to secure the payment of sums due them.

The evidence conduces to show that the appellants

were not doing the work nor furnishing the material upon the credit of the appellee Mr. Muir.

The entire property confessedly belongs to Mrs. Muir, and, under the proof in this case, it seems to us that both law and equity demand that the laborers and material-men should be adjudged a lien upon the property to satisfy their claims.

The judgment appealed from is reversed, and cause remanded, with directions to the court below to render a judgment enforcing the liens of appellants upon the house and lot in question, and for, proceedings consistent herewith.