## Peal, et al. v. Cairo National Bank.

(Decided October 13, 1915.)

### Appeal from Ballard Circuit Court.

1. Principal and Surety—Delivery—Notice.—Where a surety signs an obligation upon the condition that others are also to sign it, he is bound, although the instrument is delivered in violation of the agreement, if the obligee accepts it without notice of the condition, either actual or constructive, or those signing it afterward waive such condition; but, if the obligee has notice of the condition when he receives the instrument, he cannot hold the surety liable thereon.

2. Principal and Surety—Renewal of Note.—Where a surety, at the time he signed a renewal note, declared that he would not renew

the note without one who was a surety on the original note should-
also sign the renewal, and that he did not agree that the other
surety's name should be left off the renewal note, the surety is
liable upon the note, there being no agreement that the note
should not be delivered unless the other surety should also sign
it.

J. B. WICKLIFFE and EATON & BOYD for appellants.

W. A. ANDERSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.—
Affirming.

On May 20th, 1910, John Shded, as principal, with
A. M. Shelby, J. S. Peal and F. S. Saag as his sureties,
executed their note to the Ballard County Bank for
$1,200.00, due in sixty days thereafter. Four days there-
after the Ballard County Bank assigned the note to the
Cairo National Bank, for value, and in the usual course
of business.

When the note matured on July 20th, 1910, it was re-
newed for four months, by the same parties. When the
renewal note matured on November 20th, 1910, the Cairo
National Bank sent it to the Ballard County Bank for
collection, or renewal.

Shded's store at Bandana, Ky., was destroyed by fire
on October 21st, 1910, and subsequently he was adjudged
a bankrupt. Shded's estate paid a dividend of 33 1-3
per cent. upon its indebtedness, aggregating $412.20
upon the note in question, leaving a balance of $924.55.

The note was not renewed promptly because the
parties were waiting to ascertain what dividend would
be paid thereon by Shded's estate.

In the meantime Saag, one of the sureties, had died,
and the note was renewed on March 20th, 1911, for the
balance of $924.55, with Shelby and Peal, as his sureties.
Upon the maturity of this last renewal note, the Cairo
National Bank sued Peal and Shelby.

The defense of the sureties is, that when the first re-
newal note matured, and was renewed on March 20th,
1911, the last time, they signed it with the understanding
and agreement with Purdy, cashier of the Ballard County
Bank, that the note was not to be accepted or delivered
to the bank unless Saag, the other surety, should also
sign the note, and that said note was delivered to the
appellee in violation of the agreement.

At the close of all the evidence the court peremptorily instructed the jury to find for the plaintiff; and, from a judgment entered accordingly, Shelby and Peal prosecute this appeal.

It is well·settled that a surety may sign a note conditionally, which may or may not release him from liability, according to the circumstances of the particular case. Where a surety signs a note or bond on condition that other sureties shall also sign before the note is to be binding upon him, he is, nevertheless, bound if the obligee accepts it without notice of the condition. The reason for the rule is, that in cases of this character the surety makes the person to whom he delivers the note conditionally, his own agent for the purpose of delivery, and any condition unknown to the payee will not affect him.

The general rule in the last named class of cases is stated in 32 Cyc., 45, as follows:

''Where sureties sign a bond on condition that others shall also sign it before delivery by their principal to the obligee, it has been held in some cases that they are not bound where no other signatures are procured, although the instrument provides that those who sign shall be liable notwithstanding such a condition. In other cases it has been held, and this seems to be the better rule, that where a surety signs an obligation upon the condition that others are also to sign it, he is bound, although the instrument is delivered in violation of the agreement, if the obligee accepts it without notice of the condition, either actual or constructive, or those signing it afterward waive such condition; but if the obligee has notice of the condition when he receives the instrument, he. cannot hold the surety liable thereon.''

See also Note in 45 L. R. A., 321.

The last rule above announced prevails in Kentucky. Smith v. Moberly, 10 B. M., 266; 52 Am. Dec., 543; Millett v. Parker, 2 Met., 608; Bivins v. Helsley, 4 Met., 78; Garvin v. Mobley, 1 Bush, 48; Jackson v. Cooper, 19 Ky. L. R., 9; 39 S. W., 39; Strader v. Waggoner, 21 Ky. L. R., 967; 53 S. W., 663; Barber v. Ruggles, 27 Ky. L. R., 1077; 87 S. W., 785.

But the proof in this case fails to bring the appellants within the rule above announced. Peal merely says he did not agree that Saag's name should be left off the note; that he told Purdy he would not renew the note ''without Mr. Saag, unless some one was put on the note that was good;'' and that he did not consent to sign the

note leaving Saag's name off unless they put some other solvent person on it. But he nowhere says Purdy agreed to any such arrangement, or that appellee knew of it; and he further says he knew that Saag was dead.

Shelby's testimony is even less explicit, since he testified he never knew anything about Saag's name having been left off the note.

The proof wholly fails to establish any agreement that a new surety should sign in Saag's place, or that there was any agreement upon the part of Purdy that the note should not be delivered until a new surety was procured.

The peremptory instruction was clearly right, and the judgment is affirmed.