## Thompson, et al. v. Citizens' Bank and Trust Company.

(Decided February 15, 1927.)

(Rehearing Denied, with Modification January 31, 1928.)

### Appeal from Bell Circuit Court.

1. Principal and Surety.—Answer alleging that defendants signed note sued on as sureties with understanding that another would sign as surety and that other party had not signed note, without allegation that payee knew of condition on which defendants had signed, held not to state defense to action on note.

2. Principal and Surety.—Sureties delivering note to principal for payee, which note was conditioned that another should sign as surety, made principal their own agent for purpose of delivery.

JAMES H. JEFFRIES, W. W. POINTS and E. F. BAKER for appellants.

DAVIS & BETHURUM for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

This action was instituted by appellee, Citizens'
Bank & Trust Company, against appellants, G. S. Thomp-
son, Charles Brooks, and N. T. Arnett, to recover $2,600,
the amount of a note executed and delivered by them to
it, together with interest and cost. Appellants Brooks and
Arnett defended upon the ground that they were sure-
ties only; that the note sued on was a renewal of a prior
note which they and one A. J. Manning had signed as
sureties for Thompson; and that when the renewal note
was executed Manning was not required to sign it, and
they were thereby released. Demurrers to their answer
and amended answer were sustained, and upon their
declining to plead further judgment for the full amount
sued for, with interest and cost, was entered against them
on the pleadings. The appeal has been prosecuted from
that judgment, and presents the question whether the
answer and amended answer of Brooks and Arnett stated
a defense to the cause of action on the note.

As was written in Peal et al. v. Cairo National Bank,
166 Ky. 156, 179 S. W. 10:

> "It is well settled that a surety may sign a note
> conditionally, which may or may not release him
> from liability, according to the circumstances of the
> particular case. Where a surety signs a note or bond
> on condition that other sureties shall also sign before
> the note is to be binding upon him, he is, neverthe-
> less, bound if the obligee accepts it without notice of
> the condition. The reason for the rule is, that in
> cases of this character the surety makes the person
> to whom he delivers the note conditionally, his own
> agent for the purpose of delivery, and any condition
> unknown to the payee will not affect him.
>
> "The general rule in the last named class of
> cases is stated in 32 Cyc. 45, as follows: 'Where
> sureties sign a bond on condition that others shall
> also sign it before delivery by their principal to the
> obligee, it has been held in some cases that they are
> not bound where no other signatures are procured,
> although the instrument provides that those who sign
> shall be liable notwithstanding such a condition. In
> other cases it has been held, and this seems to be the
> better rule, that where a surety signs an obligation

upon the condition that others are also to sign it, he is bound, although the instrument is delivered in violation of the agreement, if the obligee accepts it without notice of the condition, either actual or constructive, or those signing it afterward waive such condition; but if the obligee has notice of the condition when he receives the instrument, he cannot hold the surety liable thereon.' See, also, note in 45 L. R. A. 321.

"The last rule above announced prevails in Kentucky. Smith v. Moberly, 10 B. Mon. 266, 52 Am. Dec. 546; Millett v. Parker, 2 Metc. 608; Bivins v. Helsley, 4 Metc. 78; Garvin v. Mobley, 1 Bush, 49; Jackson v. Cooper, 39 S. W. 39, 19 Ky. Law Rep. 9; Strader v. Waggoner, 53 S. W. 663, 21 Ky. Law Rep. 967; Barber v. Ruggles, 87 S. W. 785, 27 Ky. Law Rep. 1077."

The answer of appellants Brooks and Arnett contains these allegations:

"They say that they each signed said renewal note with the express understanding and belief that the said A. J. Manning, their cosurety, was to sign said renewal note with them, and that but for such understanding and belief they nor either of them would have signed said note.

"Now, they say that for some reason said A. J. Manning did not sign said renewal note, and that without the knowledge or consent of these defendants, or either of them, the said plaintiff released the said Manning from any liability thereon, accepted said note from the said Thompson, and extended him further credit upon same."

It will be observed that there is no allegation that appellee bank had any notice of the condition upon which it is alleged they signed the renewal note. Conceding all the statements of the answer to be true, for lack of an allegation that the condition upon which they signed the note as surety was known to appellee bank, it failed to state a defense under the rule above.

The amended answer filed by Brooks and Arnett repeated the allegations of the original answer above quoted. It contained these allegations also:

"They say that the principal, G. S. Thompson, in said note would and did on each occasion when

said note was renewed go to the bank and in some way obtain from the bank a renewal note to said Thompson for the purpose of securing the signatures of the said defendants thereto, and at no time did the said G. S. Thompson or the said plaintiff make known to these defendants or either of them that other arrangements had been perfected whereby their cosurety, A. J. Manning, was released from any obligation on said note or that he was permitted to go without signing same.   They say that by some agreement between the plaintiff and the said G. S. Thompson, he, the said G. S. Thompson, was to and did place certain collateral in the form of 200 shares of stock in the New South Packing Company certificate No. 61 to secure the payment of said note, and that by reason thereof some arrangement was made to release the said A. J. Manning from further liability thereon, all of which was done without the knowledge or consent of these two defendants.''

Conceding the truth of these allegations, it will be observed that when the note held by the bank was renewed from time to time Thompson, the principal, procured from it the renewal note for the purpose of securing the signatures of the sureties.   The most that can be said as to the other statements is that when the note was last renewed the bank was willing to accept the renewal note signed by appellants Brooks and Arnett, and further secured by the collateral pledged without the signature of Manning as a surety.   There is not the remotest suggestion in the pleading that when the bank accepted the renewal note signed by appellants Brooks and Arnett and with the collateral pledged it had notice that they had signed it upon the condition that Manning also would sign as surety.   When the new note, which appellants say they signed conditionally, was taken in lieu of the old one which they had signed, the old note was due.   The time for payment had come.   Those obligated on it were bound to the bank jointly and severally.   The old debt was settled by the new note.   The transaction amounted to a novation.   The situation is not different from that existing when the original note was executed.   Nothing here appearing serves to change the rule above that those signing a note conditionally must bring home to the payee of the note notice of the conditions before they can be relieved of liability on that account.   Under the rule

above quoted, sustained by the opinions cited, under the facts here appearing, Thompson, the principal in the note, was the agent of Brooks and Arnett when he delivered the note to the bank, and the answer and amended answer filed by them is insufficient because there is no allegation that the condition upon which they signed the note as surety was ever disclosed to the bank, the payee of the note.

For these reasons the judgment of the trial court sustaining the demurrer to the answer and amended answer was proper, and the judgment will be affirmed.