## Brown's Administrator v. Wilson, et al.

(Decided November 11, 1927.)

(Rehearing Denied with Modification January 27, 1928.)

### Appeal from Fulton Circuit Court.

1. Witnesses.—In action by administrator to recover on note payable to order of decedent and signed by defendants as sureties, defendants were incompetent witnesses for each other concerning transaction with decedent, their interest or liability being joint.

2. Principal and Surety.—In suit by administrator to recover on note payable to decedent, and signed by defendants as sureties, evidence of note made prima facie case for plaintiff.

3. Evidence.—In suit by administrator to recover on note, payable to decedent and signed by defendants as sureties, testimony by defendant that he signed note on condition that several other persons sign note to secure it was erroneously admitted as hearsay, where it did not appear whether testimony was learned by witness from person other than decedent.

4. Witnesses.—In suit by administrator to recover on note payable to decedent and signed by defendants as sureties, testimony by defendant that he signed note on condition that other persons would sign note to secure it was erroneously admitted, as testimony concerning transaction with decedent, which witness was incompetent to give, either for himself or co-obligor on note.

5. Trial—In suit by administrator to recover on note payable to decedent and signed by defendants as ssureties, error in admitting evidence by one defendant concerning transactions with decedent was not waived by failure to interpose objection thereto, where administrator had properly objected to similar evidence by other defendant, and objection was overruled.

6. Trial.—In suit by administrator to recover on note payable to decedent and signed by defendants as sureties, evidence relative to note in year in which note sued on was dated was not admissible, in absence of proof identifying note sued on with one about which witnesses testified.

7. Evidence.—In suit by administrator to recover on note payable to decedent and signed by defendants as sureties, evidence concerning conversation with decedent as to who was and who was not good on note was not sufficiently relevant to warrant its admission.

8. Principal and Surety.—In suit by administrator to recover on note payable to decedent and signed by defendants as sureties, burden of establishing no consideration was on defendants, under Ky. Stats., sec. 3720b-24.

9. Alteration of Instruments.—In suit by administrator to recover on note payable to decedent and signed by defendants as sureties, burden of establishing material alteraton was on defendants making claim and did not shift until after alteration had been shown to have been made.

10. Principal and Surety.—In suit by administrator to recover on note payable to decedent and signed by defendants as sureties, evidence that principal on note was endeavoring to obtain money to pay judgment deceased had against him, and that deceased marked judgment satisfied after note was given, was sufficient to justify inference that deceased accepted note, and that judgment was satisfied out of money obtained on it.

11. Principal and Surety.—Where principal procures another to sign note by promising not to deliver note without obtaining other sureties, and principal passes note to payee ignorant of promise, surety signing note is liable to payee, notwithstanding fraud of principal, since principal is agent of surety to deliver note, and payees' rights would be unaffected by conditions agreed on between principal and surety, but unknown to payee.

12. Principal and Surety.—In suit by administrator to recover on note payable to decedent and signed by defendants as sureties, evidence relating to note, if shown to be note sued on, that decedent declined to take note unless other sureties were obtained, but not intimating that sureties who signed would not be bound unless other sureties signed, held insufficient to relieve defendant sureties from liability on note, since payee might have concluded to accept note as signed.

13. Principal and Surety.—Agreement by surety with principal that principal shall not deliver note unless signature of another be procured as cosurety will not relieve surety of liability on note, although cosurety is not obtained, where there is nothing in face of note or in attending circumstances to apprise taker that such sureties were called for in order to complete instrument.

14. Estoppel.—Surety, investing his principal with apparent authority to deliver note signed, is estopped to deny his obligation to innocent holder, on principle that, where one of two innocent persons must suffer, loss must fall on him who put it in power of third person to cause loss.

W. J. McMURRY and D. L. McNEILL for appellants.

E. J. STAHR and R. O. HESTER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

W. B. Rice, as the administrator of W. A. Brown, seeks by this appeal to reverse a judgment denying him

a recovery against the appellees H. W. Whipple and S. A. Wilson upon a note whereon they were sureties. This note is dated March 24, 1924, and in it the makers promise to pay W. A. Brown, 12 months thereafter, $2,000, with interest. After the making of the note, Brown died, and Rice is his administrator.

In their separate answers, both Whipple and Wilson admitted the signing of a note for this sum and to this man, but plead it was dated in September, 1923. For defenses they alleged material alteration, no consideration, and Wilson says that Goalder Johnson and E. J. Stahr were also to sign the note. Whipple makes this same allegation, but includes the names of R. J. Bryant and J. W. Ward, who, he says, should have signed the note. This note evidenced a transaction with Brown, and in this suit, by Brown's administrator, this note made a prima facie case for him. Wilson was introduced as a witness, and in the course of his testimony said he signed this note upon certain conditions. When he was asked what those conditions were, Brown's administrator objected, his objections were overruled, and he excepted. He then answered:

> "To put Goalder Johnson and Judge Stahr and several other good men on the note, and to secure it so Mr. Johnson and Judge Stahr would approve it, and the sureties would be secured."

We cannot know from the record whether Brown's administrator objected to this evidence because it was something the witness had learned from some one other than Brown, and hence was mere hearsay, or that his objection was directed to the incompetency of defendant Wilson as a witness to testify, either for himself or Whipple, his co-obligor on the note, concerning a transaction with the decedent Brown. In either case the overruling of his objection was error. 22 C. J., p. 197, section 167, "Evidence," and Kentucky cases there cited: 10 R. C. L. p. 959, section 133, "Evidence"; Combs v. Roark, 221 Ky. 679, 299 S. W. 576; Combs v. Roark, 206 Ky. 454, 267 S. W. 210.

Later defendant Whipple was introduced, and in the course of his examination he was asked this same question, and in his answer he said:

> "Yes; under condition that it would be with E. J. Stahr, J. W. Ward, Goalder Johnson, and J. R. Bryant on it."

He was then asked if Brown knew this, and he answered:

> "Yes, sir; he discussed it with me, the 26th of September—the 26th and 27th."

Brown's administrator interposed no objection to either of these questions, and Wilson and Whipple argued that, having failed to object then, the error was waived. We cannot agree with them. Having properly objected to similar evidence from Wilson when that objection was overruled, it was not necessary to repeat the objection every time a question along that same line was asked the same or any other witness. 3 C. J. p. 823, section 734; L. & N. R. R. Co. v. Rowland's Adm'r, 215 Ky. 663, 286 S. W. 929; C., N. O. & T. P. Ry. Co. v. Bennette, 134 Ky. 19, 119 S. W. 181; O. V. C. & M. Co. v. Heine, 159 Ky. 586, 167 S. W. 873; 16 C. J. p. 878, section 2201. Sometimes witnesses not competent to testify for themselves, where their interests are separate and distinct, have been held competent to testify for each other. See McGill's Adm'r v. Richards, 12 Ky. Law Rep. 717, and Beach v. Cummins' Ex'x, 18 S. W. 360, 13 Ky. Law Rep. 881. But they are not competent witnesses for each other where their interest or liability is joint, as in this case. See Harris v. Harris' Admr., 5 Ky. Law Rep. 179; Cain v. Levy, 179 Ky. 32, 200 S. W. 326. This, taken from the case last cited, is very apropos:

> "This is not a case, however, where the liability of the two defendants was separate and distinct. It is a case where the notes were the joint obligations of both Cain and Christ and their liability was clearly joint. Even though Christ had not been served with summons, he was necessarily interested in defeating the suit against Cain, for in that event he would have been released from all liability by way of contribution. And being jointly interested with Cain in defeating the notes, it follows that there was no possible way for him to testify for Cain without necessarily testifying for himself, which the code clearly prohibits."

Whipple and Wilson cite Schonbachler v. Mischell, 121 Ky. 498, 89 S. W. 525, 28 Ky. Law Rep. 460, as sustaining them, but it is not applicable, because in that case the liability of the testifying defendants was not a joint liability. They also rely on Allen's Ex'r v. Shelby, 53 Ky. (14 B. Mon.) 320, and at first blush it appears to

sustain them; but it was decided before the adoption of section 606 of the Civil Code. It was rested on subsection 6 of section 568 of the Code of 1851, and is not applicable to the question we have here, under the present Code.

The evidence of Stembridge relative to a note in 1923 was not sufficiently germane to the issue to justify its admission, in the absence of proof identifying the note sued on with the one about which he testified. That part of the evidence of Judge Stahr that related to a conversation with Brown about who was and who was not good on a note was not sufficiently relevant to warrant its admission.

The burden of establishing no consideration was on the defendants. See section 3720b-24, Ky. Stat.; Bronston's Adm'r v. Lakes, 135 Ky. 173, 121 S. W. 1021; Darraugh v. Denny, 196 Ky. 614, 245 S. W. 152. The burden of establishing a material alteration is on the party who makes that claim, and does not shift until after such an alteration has been shown to have been made. See Denny v. Darraugh, 212 Ky. 655, 279 S. W. 1069.

The appellants contend Brown never accepted this note, but failed to destroy it and left it among his papers; that he lived for some time after the note was due and made no effort to collect it; but there is nothing in the evidence to show when Brown died, nor is there any competent evidence he made no effort to collect it. It seems to be agreed that the principal in this note, A. J. Walker, was endeavoring to obtain money to pay a judgment Brown had against him, and the record discloses that on March 25, 1924, which was the day after this note was given, Brown marked this judgment "Satisfied." Of course, there is no direct proof that the proceeds of this note was used to satisfy this judgment, but the coincidence of these dates and the evidence that Walker wanted the money for that purpose is enough to justify the inference that this note was accepted and this judgment was satisfied out of the money obtained on it. Where a principal procures one to sign his note, by promising him not to deliver it without obtaining other sureties, and the principal passes the note to the payee, who is ignorant of the promise to procure other sureties, the surety who signed his note is liable thereon to the payee, notwithstanding the fraud of the principal, as he makes the principal his agent to deliver the note, and any conditions agreed upon between the principal and the surety, but unknown to the payee, would not affect the payee's

rights. See Smith v. Moberly, 49 Ky. (10 B. Mon.) 266, 52 Am. Dec. 543; Millett v. Parker, 59 Ky. (2 Metc.) 608; Bivins v. Helsley, 61 Ky. (4 Metc.) 78; Sowders v. Citizens' Nat. Bank, 12 Ky. Law Rep. 356; Strader v. Waggoner, 53 S. W. 663, 21 Ky. Law Rep. 967; Hudspeth's Adm'r v. Tyler, 108 Ky. 520, 56 S. W. 973, 22 Ky. Law Rep. 221; Peal v. Cairo Nat. Bank, 166 Ky. 156, 179 S. W. 10; 32 Cyc. 47; 21 R. C. L. 967.

The evidence of Stembridge related to a note in September, 1923, and, if that had been connected with this note, it would not be sufficient to relieve these sureties, because he does not say that in that conversation it was intimated that the sureties who had signed would not be bound unless the other sureties signed, but he said that Brown declined to take the note unless Walker could get other men on it. He may have changed his mind, and concluded to accept a note signed by the Walkers and by Whipple and Wilson, and the same is true of the evidence of Judge Stahr. If his evidence had been connected with the note sued on, the rule sustained by the great weight of authority is that the agreement of a surety with his principal that the latter shall not deliver the note, unless the signature of another be procured as a cosurety, will not relieve the surety of his liability on the note, although the cosurety is not obtained, where there is nothing in the face of the note or in the attending circumstances to apprise the taker that such sureties were called for in order to complete the instrument. These parties could have fully protected themselves by writing in this note:

"We, A. J. Walker, principal, and J. M. Walker, H. W. Whipple, S. A. Wilson, E. J. Stahr, J. W. Ward, Goalder Johnson, and J. R. Bryant, as sureties, promise to pay," etc.

That was not done. A surety, having invested his principal with apparent authority to deliver the note, is estopped to deny his obligation to the innocent holder, on the principle that, where one of two innocent persons must suffer, the loss must fall upon him who put it in the power of a third person to cause the loss. 21 R. C. L. 968.

The evidence on the next trial must be entirely different from that on this one, hence nothing we could say concerning the instructions on this trial would be of any aid to the court further than to say that with the incom-

petent evidence excluded there was nothing to sustain the defense on this trial, and a directed verdict for the plaintiff would have been proper.

The judgment is reversed.