## Smither, et al. v. J. R. Watkins Company.

(Decided March 23, 1928.)

Appeal from Bourbon Circuit Court.

1.   Corporations.—Fact that one was appointed by a nonresident corporation as person on whom process might be served conferred on him no authority to represent his principal except for purpose for which he was appointed.

2.   Corporations.—Fact that a person sent to a corporation the name of another with whom he desired corporation to enter into a sales

contract because of fee he would receive if such were done did not constitute the sender the corporation's agent to procure the contract.

3. Principal and Agent.—Agency cannot be established by statements of the alleged agent, and, consequently, alleged agent's statements of his agency are incompetent to prove agency.

4. Corporations.—Principal to contract wherein payment for goods purchased was guaranteed by others held not agent of the corporation with whom he made contract, in obtaining signatures of sureties, since he was interested in securing their signatures in his own behalf.

5. Principal and Surety.—Where a surety signs an obligation on condition that other sureties will also sign it, he is bound if the obligee accepts it without notice, actual or constructive, of the condition.

6. Corporations.—In suit by corporation, which had sold goods to a principal, against the sureties on the contract, wherein the defense was that fraudulent representations had been made by an authorized agent of the corporation, inducing the sureties' signing, burden was on sureties to show that the representations complained of were made by an authorized agent of the corporation.

7. Corporations.—In suit by corporation, which had sold goods to principal, against sureties on contract, who defended on ground that fraudulent representations had been made by agent of corporation, inducing sureties to sign contract, sureties held not to have sustained burden of proving that representations were made by an authorized agent of corporation.

8. New Trial.—In suit by corporation, which had sold goods, against buyer's sureties on contract, who defended on ground that fraudulent representations had been made by agent of corporation inducing sureties to sign contract, evidence that third person, inducing sureties' signing, was obligee's agent, held not to authorize new trial for newly discovered evidence, where there was no evidence that he made any representations inducing surties to sign contract.

GEORGE BATTERTON and LESLIE W. MORRIS for appellants.

DENIS DUNDON for appellee.

OPINION OF THE COURT JUDGE REES—Affirming.

The J. R. Watkins Company, a Minnesota corporation, brought this action against Elmer Wilhoite to recover the sum of $1,162.66, alleged to be due on a contract for the purchase price of certain articles sold and delivered to the latter and against the appellants Kelly C. Smither, John M. Lucas, and Fred McDonald, as sureties on the contract. From a judgment in favor of plaintiff, Smither, Lucas, and McDonald have appealed.

The sureties defended on the ground that they were induced to sign the contract of suretyship by fraudulent representations of Raymond Sanders and G. E. Maxwell, plaintiff's agents. The sureties filed a joint answer, in which they alleged that they signed as sureties upon condition, not complied with, that Elmer Wilhoite's father would sign the contract as surety, and also that plaintiff's agents represented to them that, at the termination of Wilhoite's contract, outstanding accounts for goods sold by him would be turned over to a successor to be selected by the company, and that he would be credited with the amount of such accounts.

The contract between appellee and Wilhoite was substantially the same as the one set out in full in Sinnett v. J. R. Watkins Co. 214 Ky. 76, 282 S. W. 769, and, as there held, is one of sale and not of agency. Appended to the contract is the following contract of guaranty signed by appellants:

"In consideration of one dollar to us in hand paid by the J. R. Watkins Company, receipt whereof is hereby acknowledged, and the execution of the foregoing agreement, which we have read or heard read and hereby agree and assent to, and the sale and delivery by it to the party of the second part, as vendee, of goods and other articles, and the extension of the time of payment of the indebtedness now due from him to said company, as therein provided, we, the undersigned sureties, do hereby waive notice of the acceptance of this agreement and diligence in bringing action against said second party, and jointly, severally, and unconditionally promise, agree, and guarantee the full and complete payment of said indebtedness, the amount of which is not written in said agreement, or, if not, we hereby expressly authorize the amount of said indebtedness to be written therein, and jointly, severally, and unconditionally promise to pay for said goods and other articles, and the prepaid freight, express, or postal charges thereon, at the time and place, and in the manner in said agreement provided."

On this appeal the appellants urge as grounds for reversal that the court erred in refusing to peremptorily instruct the jury to find for them; the verdict is flagrantly against the evidence; the instructions are erron-

eous; and the court erred in not granting a new trial upon the ground of newly discovered evidence.

The appellants Smither and Lucas testified that Elmer Wilhoite and Sanders represented to them before they signed the contract that they would obtain the signature of Calvin Wilhoite, father of the principal, as surety before they forwarded the contract to the appellee, and that Sanders represented that upon the termination of the contract the appellee would place an agent in Wilhoite's territory and take over all outstanding accounts and credit Wilhoite with the amount thereof. They further testified that Sanders represented that he was authorized by the appellee to procure and have executed a contract such as the one in question. Appellant McDonald admitted that he never talked to Sanders before signing the contract, but testified that Elmer Wilhoite stated that Sanders had authorized him to make the representations which McDonald claims induced him to sign the contract.

There is no evidence tending to show that Sanders was an agent of the appellee, authorized to procure customers and execute contracts with them, other than his own alleged statements and the fact that he had been appointed an agent by appellee, a nonresident corporation, upon whom process might be served. His appointment as such agent conferred upon him no authority to represent his principal except for the purpose for which he was appointed, i. e., to accept service of process.

The record discloses that Sanders had been a customer of appellee for a number of years and purchased goods from it under a contract similar to the one signed by Wilhoite and appellants. The appellee had mailed circulars to its customers, offering a reward of $50 for the name of every person furnished to it by a customer if such person later signed a customer's contract. Sanders sent to appellee the name of Elmer Wilhoite, and, of course, was interested in seeing that Wilhoite entered into a contract, but this did not constitute Sanders appellee's agent to procure the contract. Sanders' alleged statements that he was appellee's agent were incompetent, since agency cannot be established by statements of the alleged agent. Ewing v. Bond, 185 Ky. 781, 215 S. W. 934. None of the appellants testified that Maxwell made any of the representations complained of. The net result is that the only representations complained of were made by Sanders and Wilhoite and there is no com-

petent evidence tending to show that Sanders was authorized to represent the appellee. Wilhoite was not an agent of the appellee in the transaction, but was a principal seeking to secure the signatures of appellants to the contract in his own behalf. Galbraith v. Shores-Mueller Co., 178 Ky. 688, 199 S. W. 779; J. R. Watkins Co. v. Hunt, 104 Neb. 266, 177 N. W. 462. Where a surety signs an obligation on condition that other sureties are also to sign it, he is bound if the obligee accepts it without notice, actual or constructive, of the condition. Thompson v. Citizens' Bank & Trust Co., 222 Ky. 492, 1 S. W. (2d) 770. The burden was upon appellants to show that the representations complained of were made by an authorized agent of the appellee, or that the conditions upon which they claimed to have signed the contract had been brought to its notice, and, having failed, the evidence was sufficient to sustain the judgment against them.

We have examined the instructions and find them unobjectionable, but were they erroneous, as claimed by appellants, they would not be prejudicial to their substantial rights, since, as we have seen, there was not sufficient evidence to authorize a submission to the jury of the question of agency. A directed verdict for the plaintiff would have been entirely proper.

One of the grounds relied upon by appellants in their motion for a new trial was that of newly discovered evidence, and, in support of this ground, they filed the affidavit of Raymond Sanders, in which he stated that he had been employed by the Watkins Company for 15 years, and that he was employed by it when the contract sued on was executed, and that G. E. Maxwell was the company's agent authorized to execute contracts such as the one in question. There is nothing in the affidavit from which it can be inferred that Sanders was authorized to represent appellee in the transaction.

Whether or not G. E. Maxwell was appellee's agent is immaterial, since there is no evidence that he made any representations to appellants relative to the signing of the contract by Wilhoite's father or the appointment of an agent at the termination of Wilhoite's contract to collect the outstanding accounts. The court, therefore, did not err in refusing to grant appellants a new trial on the ground of newly discovered evidence.

Finding no error prejudicial to appellants' substantial rights, the judgment is affirmed.