## Reynolds et al. v. Bank of Hellier.

(Decided March 28, 1930.)

W. W. REYNOLDS and E. J. PICKLESIMER for appellants.

MOORE & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee brought this suit against B. T. Hash and the appellants, W. W. Reynolds, J. S. Marrs, and F. A. Hopkins, on a promissory note dated December 6, 1923, whereby Hash, as principal, and the appellants, as indorsers, agreed to pay to the order of the appellee the sum of $700 four months from its date. Hash did not answer, but the appellants defended upon two grounds. The first was that the appellee had theretofore sued Hash, the appellants, and J. W. Reynolds on a promissory note dated August 6, 1923, whereby Hash, as principal, and J. W. Reynolds and the appellants, as indorsers, had agreed to pay to the order of the appellee the sum of $700 four months from its date; that in that suit they had defended on the ground that the bank had accepted the note of December 6, 1923, herein sued on in lieu of and as a discharge of the August note; that the

bank in that suit had denied that it had accepted the December note on any such terms, but that despite such denial the jury found that it had, and, on its verdict, judgment went for the appellants. There was attached to the answer in this case a transcript of all of the proceedings had in the suit on the August note from which it appeared that the only question submitted in that suit to the jury under the proof was whether the December note had been accepted by the bank in discharge of the August note. The other defense relied upon to defeat this note of December 6th was that, at the time the appellants signed the note for Hash, it was agreed between them and Hash that the note was not to become binding until he had also secured the signature of J. W. Reynolds who had been an indorser with these appellants on the August note, and that Hash had failed to do so. There was nothing said in the answer about the appellee being apprised of this arrangement. The appellee filed a demurrer to this answer, and it was sustained. The appellants declined to plead further, and judgment was entered against them on the note of December 6th. They have appealed.

That the court properly sustained the demurrer of the appellee to the defense that it was agreed between Hash and the appellants that the note sued upon was not to become binding upon them until he had secured the signature of J. W. Reynolds is settled by the case of Brown's Adm'r et al. v. Wilson et al., 222 Ky. 454, 1 S. W. (2d) 767. Indeed, appellants make no contention on this appeal as to this, but they do argue, that as the note of December 6th and the note of August 6th were both given for the same indebtedness, and as they have won the suit brought on the August 6th note, they are forever afterward discharged from having to pay the indebtedness represented by these notes. The statement of the case which we have given refutes the appellants' contention. Their sole defense in the first suit was that there had been a novation, in that the appellee had accepted the December note in place of the August note. It is true the appellee denied this, but the jury decided in favor of the appellants on that issue, and it is now res adjudicata between the parties. Necessarily, under the appellants' theory in the first suit, the consideration for the December note was the surrender of any claim under the August note. It is plain then that, by the verdict and judgment in the suit on the August note, it was decided that a nova-

636

tion had occurred, and whether that decision was erroneous or not, a matter we do not decide, since it was never appealed, modified, or set aside, as this record discloses, it is binding as between the parties. Turner v. Deaton, 220 Ky. 154, 294 S. W. 1063. A novation having occurred, the rights of the parties are to be measured alone by the obligations arising from the new situation. Larimore v. West, 227 Ky. 306, 12 S. W. (2d) 856. The fact, then, that the appellants had won the suit on the August note on the ground they did presented no defense to this suit on the December note. The court, therefore, properly sustained the demurrer to the answer of the appellants, and on appellants' declining to plead further properly entered judgment for the appellee.

Its judgment is affirmed.