## Denny, Banking Commissioner, v. Wood et al.

(Decided March 27, 1931.)

BROWNING, REED & ZEIGLER for appellant.

B. S. GRANNIS, J. M. COLLINS and D. L. WOOD for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellant sued the appellees upon a note for $8,000, dated October 5, 1922, due six months thereafter, his petition was dismissed, and he has appealed. In 1922, an examination of the Farmers' & Traders' Bank of Maysville was made by an examiner sent out by the department of banking, by which there was discovered a shortage in the assets of the bank of about $8,000. The bank then had, according to its books, a capital of $51,000 and a surplus of $77,500. This shortage actually reduced the surplus of the bank, and the department of banking insisted upon the making of a corresponding reduction in the surplus as shown on the books, and that a change be made among the inside officers of the bank.

The directors were loath to do these things because the bank was then undergoing the stress of keen competition, and they feared a compliance with this request would start a run on the bank. The directors believed no actual shortage existed, and that the discrepancy was due to some error in bookkeeping. After much discussion, all of the directors except Mr. W. R. Newell agreed that they would execute to the bank their joint note for $8,000 and let the bank carry it as a part of and among its assets until such time as the profits would be sufficient to pay the note, or the bank should decide to reduce its surplus and take the note out of its assets in that way; that they would make certain changes among the inside officers of the bank, and would employ some expert accountants to make an audit of the bank, and, if possible, discover the cause of the discrepancy.

All of this was done, except two directors who had agreed to sign this note failed to do so, but the experts were unable to discover how, when, or through whose fault the shortage was caused. The bank's affairs continued on the down grade, and on November 26, 1924, the

directors were again called together by examiners from the department of banking and were required to and did charge off this and other paper aggregating $23,410.30, thus reducing the surplus to $54,089.70. There is no showing that this bank was not then entirely solvent.

Things went on from bad to worse, and on February 28, 1927, the bank was closed by order of its board of directors, and its affairs placed in the hands of the department of banking for liquidation. The department of banking has collected all it could of the other assets of the bank and what it could upon the double liability of the stockholders, and brought this suit upon this $8,000 note, seeking to compel these directors to pay it, as there are yet unpaid claims against the bank exceeding the amount of this note.

The directors who were brought before the court filed an answer in four paragraphs. The first was a general denial. The second was a plea of no consideration. In the third they plead that the note was fully satisfied and discharged on November 26, 1924, when it and the other notes aggregating $23,410.30 were charged off and the surplus reduced; and by paragraph 4 they asserted that, because two of the directors who had agreed to sign this note had not done so, the note was therefore not binding upon those who did sign it.

We shall not undertake to follow this case through all the legal skirmishes that ensued.

These directors themselves admit in their evidence the execution of this note, so the defense asserted in paragraph 1 fails. We shall group paragraphs 2, 3, and 4 and consider them together.

We are cited to a number of opinions and decisions in cases where banks had sued their directors upon notes they had given the bank, but the facts in those cases are not the same as in the case before us. This is a suit by the banking commissioner in his official capacity, and as such he represents the creditors of the bank. See American Southern National Bank v. Smith, Banking Commissioner, 170 Ky. 512, 186 S. W. 482, Ann. Cas. 1918B, 959. and our recent opinion (delivered 20th day of March, 1931) in O. S. Denny, Banking Commissioner, v. Fishter, 36 S. W. (2d) 864. In this last opinion we gave an extended discussion of this matter, and held Fishter liable because he had enabled the bank to make an

appearance of solvency that was not in truth deserved, for it is well settled that, if some one or more of two or more innocent parties must sustain a loss because of the act of a third party, then the one or ones must bear the loss who put it in the power of the third party to cause the loss. See Brown's Adm'r v. Wilson et. al., 222 Ky. 454, 1 S. W. (2d) 767. These parties, when they gave this note October 5, 1922, started along the same road which led Fishter to his loss, but on November 26, 1924, they left that road; they charged off this note as a part of the $23,410.30 by which the surplus was that day reduced. They changed their position, and, during the two years three months and two days which the bank thereafter remained open for business, the bank did not represent, and no creditor had a right to regard, this $8,000 as a part of the admitted assets of the bank. Of course, if there were a consideration for this note, charging it off would not prevent the bank from collecting it by suit, but, when charged off, it was no longer a part of the representation of the bank's solvency.

If between October 5, 1922, when this note was executed, and November 26, 1924, when it was charged off, some one had extended credit to the bank upon the showing of solvency these directors were then helping it to make, they would be liable to such creditor, but, when this paper was charged off and such creditor took no action against these directors within a reasonable time thereafter, then such creditor lost his right against these directors. After November 26, 1924, no creditor of the bank could say these directors helped it to deceive them; hence the banking commissioner as their representative cannot recover against these directors, nor can the banking commissioner, as the representative of the bank, recover against these directors, since there was no consideration moving from the bank to the directors to sustain this paper. As between the bank and these directors, this was an accommodation paper, and no rule is better settled than this that the party accommodated cannot recover against the accommodation maker.

The judgment being in harmony herewith it is affirmed.

The whole court sitting.