## Farmers' National Bank of Somerset v. Campbell et al.

(Decided May 29, 1931.)

W. B. MORROW for appellant.

JOHN S. COOPER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In October, 1925, Arthur Adams made application to the Farmers' National Bank of Somerset, Ky., for a loan

of $1,200. The bank was willing to make him the loan provided he could procure sureties satisfactory to it. He suggested the names of Dan Cox and the appellees Campbell and Dunsmore. These names were agreeable to the bank. Thereupon a note dated October 7, 1925, was made out and given to Adams. He took it away and procured the signatures of Campbell, Dunsmore, and Cox upon it as sureties. He returned with the note and delivered it to the bank. The note was renewed from time to time, Adams always taking the note to his sureties for their signature. There was paid upon the principal from time to time small amounts, so that in November, 1927, there was a balance due on the note of $1,168.85. At this time Adams proposed to the bank to settle the note by turning over to it the note of one C. C. Cain in the sum of $800 and executing a note for the balance of $368.85. This was agreeable to the bank. Adams took a note for $368.85 to his home and sent it over by his little boy to the appellees Campbell and Dunsmore, who signed the note and returned it to Adams. He then brought it back to the bank, together with the $800 note and turned the two over in payment of the note for $1,168.85. The note for $368.85 falling due on June 7, 1928, and being unpaid, this suit was brought to recover upon it. Adams made no defense, but the appellees defended on the ground that it was understood and agreed between them and Adams that they were not to be bound as sureties on this note of $368.85 unless and until their former cosurety Cox also signed the note with them, and that the bank had taken this note with full knowledge of this agreement and condition. This defense was denied by the bank, and, by an amended petition, it sought to recover the balance due on the original obligation in the event the court was of the opinion that the sureties had never become bound on this last-mentioned note because of the failure of Cox to sign it. The court submitted to the jury only the question as to whether or not the bank took the note for $368.85, with knowledge of the condition claimed by the appellees. The jury found for the appellees, and this appeal by the bank results.

The appellees in their brief frankly confess, as indeed under the evidence they must, that no actual notice of any agreement at any time between these sureties and Adams was ever brought home to the bank. It is true the appellees testify that it was understood and agreed

at the beginning that they were not to be bound at any time unless Cox also signed the notes, but this understanding and agreement was between them and Adams. There is no testimony whatever that the bank or any of its officials ever actually knew of any such understanding. It is insisted, however, that there were enough facts proven to put the bank on notice to inquire into the situation. The only fact upon which this contention is based is that the original note and all of its renewals up until the time it was paid off by the execution of this last note and the transfer of the $800 note were signed by three sureties, whereas the last-mentioned note was signed only by two. We are of opinion that this fact alone, and that is all there is, was not sufficient to put the bank on notice or to require it to make inquiry as to why Cox had not signed. The amount of this last note was so far below the amount of the original note and its renewals as that two sureties might well have been willing to sign it, although unwilling to become obligors for so large an amount as that of the original note. As a matter of fact the additional obligation which the last note puts upon the sureties is only about $60 each more than they would have been under had Cox also signed the note. This is too small an amount to arouse any suspicions on the part of the bank. It is well settled that, where a principal procures one to sign his note by promising him not to deliver it without obtaining other sureties, and the principal passes the note to the payee who is ignorant of the promise to procure other sureties, the surety who signed his note is liable thereon to the payee, notwithstanding the fraud of the principal, as he makes the principal his agent to deliver the note, and any conditions agreed upon between the principal and the surety, but unknown to the payee, would not affect the payee's rights. Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S. W. (2d) 767; Smither v. J. R. Watkins Co., 223 Ky. 777, 4 S. W. (2d) 707; Reynolds v. Bank of Hellier, 233 Ky. 634, 26 S. W. (2d) 538. Under the facts of this case, the court should have peremptorily instructed the jury to find for the appellant. This being true, we find it unnecessary to discuss the other questions presented by the appellant, and they are expressly not passed upon by this opinion.

Wherefore, the appeal is granted, and judgment reversed for a new trial consistent with this opinion.