## Wood Oil Co. v. Ferguson-Willis Oil Co.

(Decided Nov. 30, 1934.)

SAMUEL M. WILSON and E. B. ROSE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The Ferguson-Willis Oil Company, claiming to be the owner of and entitled to the possession of an oil leasehold (called the Isaac Henry Lease) in Estill county, sued the Wood Oil Company, at common law, to

recover possession of it, damages for its wrongful detention, and for oil taken therefrom which in its petition it placed at $100,000. After most elaborate preparation (the record comprises 15 volumes), the cause which had been transferred to equity was submitted and resulted in a judgment in favor of the Ferguson-Willis Oil Company, as to the ownership of the leasehold, and it was awarded $2,500 as damages for its detention and for the oil, etc., taken therefrom. The Wood Oil Company has appealed, and the Ferguson-Willis Oil Company has prosecuted a cross-appeal.

Each of these oil companies claim this leasehold by virtue of an assignment to it of a lease held by James A. Wallace.

### History of This Lease.

On June 16, 1914, Isaac Henry executed an oil and gas lease to Curtis & Redway. After some years of effort and expenditure of money, the property of these men was sold and bought by James A. Wallace.

On March 27, 1920, Wallace gave to Wm. S. Ferguson a ninety-day option to purchase this leasehold whenever there was paid to Wallace $8,000. Ferguson went upon the property, started some work, and dawdled along without accomplishing anything. On March 18, 1922, Wallace procured a new lease from Henry, and on September 11, 1922, he assigned this lease to W. S. Ferguson as trustee for Ferguson-Willis Oil Company. $1,000 was then paid Wallace and note given him for $7,000. Ferguson continued to piddle around and to accomplish nothing. He and Wallace agreed upon an extension of the contract of March 18, 1922, and on February 11, 1924, entered into a contract to that effect. Ferguson continued as before, and on March 19, 1924, a contract was signed by Wallace and by Walter McCord, Elmer E. McConnell, and Wm. S. Ferguson, the last three acting as officers of the Ferguson-Willis Oil Company, by which this lease was assigned to it; the contract reciting there was a balance due Wallace of $7,000 represented by a note due in six months and providing the contract should be null and void if this note be not paid in that time, or if the Ferguson-Willis Oil Company should not begin a well within 15 days and accidents and delays excepted continue such operations diligently. Ferguson was left in charge. Operations began the next day. Ferguson had no money and the

work soon stopped. From an exhibit filed in this record the Ferguson-Willis Oil Company had on July 2, 1924, only 26 cents in money in its treasury. It owed $100,000 to its stockholders, $7,000 to Wallace, and about $2,000 to laborers and materialmen. After more than four years, Ferguson had not produced and sold one gallon of oil. Everybody was becoming restive. Laborers were demanding their pay and Henry was threatening to treat the lease as abandoned and give a new lease, and on July 2, 1924, a suit was filed in the probate court of Marion county, Ind., to put the company's affairs in the hands of a receiver, and process was that day served on the Ferguson-Willis Oil Company by delivering a copy to Wm. S. Ferguson, its president. On the following day Emil Stroeh was appointed and qualified as receiver. On July 8, 1924, Wallace notified Wm. S. Ferguson for his company by registered letter No. 68338 of his election to declare the contract of March 19, 1924, forfeited for noncompliance with its terms.

On August 8th, Stroeh made report to the Indiana court of the company's financial straits and asked authority to sell the property, and that court authorized him to do so and to give bill of sale therefor, which later he did.

We are expressing no opinion about the validity or sufficiency of any of the foregoing, and it is only put in as a sort of background to the following, which we regard as important:

### Matters of Estoppel.

On August 12, 1924, Everett W. Trook appeared upon the scene. Wm. S. Ferguson, the president of the Ferguson-Willis Oil Company and the owner of 85 per cent. of its $100,000 of capital stock, met Trook and introduced him to Wallace; recounted to Wallace the bad financial condition of the Ferguson-Willis Oil Company; that it was unable to go on with its operations; that Trook had been brought there to take over the property and urged Wallace to transfer it to him. Trook then paid Wallace some money, which the latter testified he was always looking for, and he made with Trook a sort of gentlemen's agreement that the lease would be assigned to him in due season.

Trook returned to Indiana, and on August 23, 1924, the receiver Stroeh assigned to Trook the contract of

March 19, 1924. Trook now returned to Kentucky, paid Wallace some more money, paid a list of outstanding labor and material claims against the Ferguson-Willis Oil Company that had been made out and checked over by Wm. S. Ferguson aggregating over $2,000, including $147 to Ferguson himself, who was still there and assisting Trook with the work. On October 14, 1924, Trook returned again, gave his note to Wallace for the $6,210 balance due upon the $7,000 debt, and Wallace gave him an option to purchase this leasehold. Ferguson, it seems, left Kentucky about October 7, 1924. Drilling had been pushed vigorously after Trook took hold of the property and oil was in a few weeks found in paying quantities.

On November 18, 1924, Trook conveyed three-fourths of this leasehold to Brenner & Adams; they on November 22, 1924, conveyed one-eighth to J. G. Scott; on June 8, 1925, he conveyed this to Lucy Scott; on November 2, 1925, she conveyed it to S. D. Johnson; on December 22, 1926, he conveyed this to Brenner & Adams; and on that same day Trook, Wallace, and Brenner & Adams conveyed this leasehold to Wood Oil Company, which has since been actively operating this property.

### Suit Filed.

On April 18, 1929, the Ferguson-Willis Oil Company filed this suit and alleged therein it was the owner of this leasehold but filed no evidence thereof, and the only evidence it has in this record of its ownership of it is the contract of March 19, 1924, which was conditioned that it should be null and void if it did not diligently prosecute the development of the property or did not within six months pay the $7,000 note, neither of which did it do.

Wood Oil Company for answer controverted the petition and then set out with greater elaboration the things we have recounted above as matters of estoppel, because of which it prayed that the plaintiff be held to be estopped and its petition dismissed. Its plea being supported by the proof should have prevailed.

The plaintiff, having for nearly five years stood by and tacitly permitted all these people, some of whom it actively encouraged, to devote time, labor and money to the development of this property on the belief that

plaintiff had abandoned it, should not now be heard to assert to be untrue that which it had for all that time led and permitted them to believe was true.

### Henry's Lease to Ferguson.

We have not overlooked the fact that Isaac Henry, who contended the lease he had given Wallace had been forfeited for nonpayment of rentals, on August 5, 1924, gave a top lease to Ferguson, but the proof conclusively shows by Henry's letters and by his indorsement on Wallace's check that Henry's rentals had then been paid by Wallace "in full to July 1925."

### The Contract with Trook.

When the receiver of the Ferguson-Willis Oil Company made the assignment to Trook, he not only made an indorsement on the contract of March 19, 1924, which was exhibited and delivered to these purchasers, but he also executed a side agreement which bound Trook to turn over this property to a corporation to be formed by the stockholders of the Ferguson-Willis Oil Company and the Charles F. Murphy Consolidated Oil & Gas Corporation upon certain conditions. This paper was never recorded, nor was it shown or made known to Wallace, to Brenner & Adams, the Wood Oil Company, or any of the parties that thereafter became connected with this property. It is not shown that these conditions were fulfilled, but if they were the result would be the same. This paper does, however, explain the activities of Ferguson exerted to induce Wallace to trade with Trook.

If Trook in fact did trick the Ferguson-Willis Oil Company and a loss resulted, it must bear that loss, for there is no principle better settled than this: Where one of two innocent parties must suffer, the loss must fall upon the one who put it in the power of a third person to cause the loss. Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S. W. (2d) 767. Our conclusion leaves nothing to be determined on the cross-appeal.

Judgment reversed, with directions to set it aside, to quiet the title of the Wood Oil Company to this leasehold, and to dismiss the action.