## Meder v. Silver.

### (Decided October 12, 1928.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Alteration of Instruments.—In suit for specific performance of contract to sell realty, presumption is that contract was complete when party signed it.

2. Estoppel.—If loss must be sustained by either purchaser or vendor in purchaser's suit for specific performance of contract to sell property, loss must fall on party that made it possible.

3. Alteration of Instruments.—Where vendor signed blank contract for sale of realty and enabled his agent to secure contract from purchaser, vendor must stand loss of bargain in suit for specific performance by purchaser.

CHARLES CARROLL and J. M. LEE for appellant.

DOOLAN & DOOLAN for appellee.

Opinion of the Court by Drury, Commissioner—Affirming.

H. J. Silver, the appellee, sued the appellant, Dr. F. A. Meder, for the specific performance of a contract for the sale of certain property on Breckinridge street in Louisville, Ky. He was successful, and Dr. Meder has appealed. The contract in question is dated October 5, 1925. It is in the nature of a proposition addressed to John Bald, in which Dr. Meder offers to take for certain property on Breckinridge street $6,000, and to convey to the purchaser an insurable title, the purchaser to pay the realtor's commission, the proposition to be good for 5 days. On October 9, H. J. Silver accepted the proposition, but Dr. Meder declined to carry it out, because, as he says, Bald was not his agent but the agent of Silver, and that, at the time he signed this paper, the blanks in it had not been filled, and that his understanding with Bald was that these blanks were to be filled by inserting therein the description of certain property on Lytle street. Both Silver and Bald deny Bald was the agent of Silver. Bald testifies that he was representing Meder. The court found that he was and that finding is supported by the evidence. There is a conflict in the testimony of Meder and Bald about this contract. Bald says it was filled out before it was signed, and Meder says it was not. The presumption is that it was complete when it was signed, but, whether it was complete or not, Meder signed it, placed it in the hands of Bald, and it was filled out when it was shown to Silver. If one of these two parties must suffer (that is, if Silver must suffer by losing a desirable bargain, or Meder must suffer by parting with his property for less than he wanted for it), then that loss must fall on the one that made it possible, and that is Dr. Meder, for, if what he says is true, and if he did sign the blank contract and thereby enabled Bald to secure a contract with Silver, Meder will have to stand the loss. See Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S. W. (2d) 767; 21 R. C. L. p. 907, section 84, page 912, section 91; 12 R. C. L. page 401, section 149.

The judgment is affirmed.