## Bailey v. Hoover.

Decided March 28, 1930.)

W. O. SMITH for appellant.

LOUIS IGLEHEART for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

H. D. Bailey sought by an order of delivery to recover of Dr. I. J. Hoover a Pontiac automobile, motor No. p 20125, serial No. 19811, and having been unsuccessful, he appeals.

In June, 1926, Bailey got this Pontiac car from one Kirby Sharp, giving him therefor a practically new Ford car and $200. At that time Bailey signed a bill of sale in triplicate as required by section 2739g-14, Ky. Stats. This bill of sale was not then filled out, but Bailey says his instruction to Sharp, and Sharp's promise to him, were that such matter should be inserted therein as would transfer this Ford car to Sharp.

Later Bailey left his Pontiac car with Sharp on storage, so he says, and while it was there Sharp traded it to Dr. Hoover for another Ford car and $500.

It seems the transfers signed in blank by Bailey for the transfer of the Ford first mentioned to Sharp were

682

filled and used by Sharp to transfer the Pontiac car. Sharp has been sent to the penitentiary for forgery and Bailey wants to get back the Pontiac car.

A jury found against Bailey, under instructions of which he does not complain, but he now contends this verdict is flagrantly against the evidence.

The mischief here was wrought by Sharp. Neither Bailey nor Hoover has done any wrong, but there is no principle better settled than this: That where one of two innocent parties must sustain a loss because of the nefarious act of another, the loss must fall on the one who put it in the power of the third party to cause the loss. Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S. W. (2d) 767; Meder v. Silver, 225 Ky. 733, 9 S. W. (2d) 1089; Citizens' Bank v. Mutual T. & D. Co., 206 Ky. 86, 266 S. W. 875, 40 A. L. R. 1001; Flexner v. Meyers, 191 Ky. 133, 229 S. W. 99; 12 R. C. L. p. 401, sec. 149; 21 R. C. L., p. 907, sec. 84, p. 908, sec. 91; 21 C. J., p. 1170, sec. 176.

By signing and delivering to Sharp these transfers in blank, Bailey put it in the power of Sharp to do this wrong, and he must bear the resulting loss.

Judgment affirmed.