## Hunter v. Liberty Nat. Bank & Trust Co. et al.

Feb. 7, 1939.
As Modified on Denial of Rehearing March 24, 1939.

Churchill Humphrey, Judge.

WILLIAM T. BASKETT for appellant.
THOMAS A. BALLANTINE for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellant, George C. Hunter, is appealing from a judgment in favor of appellees, Liberty National Bank & Trust Company, Louisville, Kentucky, and First Hardin National Bank, Elizabethtown, Kentucky, directing that a mortgage lien be enforced against Hunter's property.

For a number of years prior to July, 1935, a concern known as Berry & Kelly was engaged in road building. They had become indebted to the appellee banks in the sum of approximately $25,000, which amount was secured by chattel mortgages on certain road machinery owned by Berry & Kelly. In July, 1935, Berry & Kelly transferred this road machinery to a corporation known as Good Roads, Incorporated, or at least arranged to do so, and a plan was worked out under which the indebtedness of Berry & Kelly to the banks was scaled down to $7,500. Good Roads agreed to pay this indebtedness on or before December 31, 1936, but before entering into this arrangement the banks required additional security from Good Roads. Plans were worked out between Goods Roads and appellant, George C. Hunter, whereby he executed a note for $7,500 to Good Roads, secured by a mortgage on a certain piece of real estate owned by him; the mortgage specifying that the mortgagee would look alone to the lien against the real estate described therein for the satisfaction of the indebtedness of $7,500 in the event the mortgagor failed to pay the indebtedness. Good Roads assigned the Hunter note and mortgage to appellees, thereby meeting their requirements for additional security on the $7,500 indebtedness of Good Roads. Prior to December 31, 1936, Good Roads and the banks sold the road machinery upon which the banks held collateral mortgages for the security of their loan to Good Roads. Some of it was sold in July, 1936. The banks notified Hunter before the balance of the machinery was sold in December, 1936. The proceeds of the two sales of the machinery were applied on the indebtedness of Good Roads, and the mortgages against the machinery were released by the appellees.

Appellees filed this suit to enforce the mortgage against appellant's property for the balance of the $7,500 Good Roads debt, which amounted to approximately $4,800. The issues were joined by appropriate

**540**

pleadings, with appellant alleging that there was no consideration for his note and mortgage to Good Roads, and that he had executed them with the understanding that they were only to be used to guarantee appellee banks that the road machinery would be forthcoming after being turned over to Good Roads for use. Appellees denied that they knew there was no consideration for the note and mortgage executed by appellant to Good Roads, and alleged that they had accepted them as additional security for the $7,500 indebtedness due them from Good Roads. Appellant further alleged that the sale of the road machinery, the mortgages on which were held by appellees as security on the $7,500 debt from Good Roads, constituted a release and discharge from any obligation on his part. Proof was taken, and on January 25, 1938, the trial court, after hearing appellant's argument, but without hearing that of appellees, filed the following opinion:

> "Hunter put up his property as surety for the debt of Good Roads Incorporated, to the Plaintiff Bank. Pledged on the debt was certain machinery owned by Good Roads. The banks and Good Roads —without notice to Hunter and before the debt was due—sold the machinery and applied it to the debt.
>
> "I do not see how the surety was injured thereby. All the surety could claim was to have the machinery applied to the debt before his property could be held liable. This was actually done.
>
> "Thus I do not see how the surety can complain.
>
> "Counsel to draw judgment of sale of Hunter's land. No personal judgment."

Judgment was entered accordingly directing that appellant's property be sold to satisfy the unpaid part of the $7,500 indebtedness from Good Roads to appellees.

In brief, appellant's grounds for reversal are based upon the idea that his note and mortgage executed to Good Roads constituted a security obligation on his part for the benefit of appellees, and that under the law relating to the relationship between principal and surety he is relieved of any further obligation to the banks because, without his consent, they agreed to the sale of the road machinery upon which they held mortgages to

secure their $7,500 indebtedness due from Good Roads. We have noted, however, that the proceeds of the sales of the machinery were applied on the Good Roads indebtedness to the banks, and furthermore that appellant was notified before the last sale of the machinery was made. He relies mainly upon the case of Barker v. Illinois Surety Co., 169 Ky. 441, 184 S. W. 377, in support of his contention that the release of the property of the principal without the consent of the surety discharges the surety, regardless of whether the property released is sufficient to discharge the entire obligation. In the Barker Case we said [page 378]:

> "In many of the states the surety is released pro tanto, or entirely, according to the value of the security released, but in this state any agreement or active interference by an obligee whereby the surety may be injured releases him absolutely, and it is not material whether the property so released was sufficient to discharge the whole debt or not. Sneed's Executor v. White, 3 J. J. Marsh. 525, 20 Am. Dec. 175."

But in the recent case of State National Bank of Frankfort v. Thompson, 277 Ky. 527, 126 S. W. (2d) 412, we said:

> "Therefore, coming in harmony with the modern trend and majority interpretation of the Negotiable Instruments Act, we now hold that the equitable defense that the payee of a note had released a part of the pledged collateral or securing lien is sustainable proportionately. The surety debtor is discharged from liability pro tanto to the extent of the value of the security or property surrendered. If the securities retained by the creditor are sufficient to satisfy the debt, the surety has not been injured in any respect and ought not be heard to complain. If they are not sufficient and the surety has been hurt thereby, he is entitled to relief upon his liability to the extent of his injury. 8 Am. Jur., Bills and Notes, Sec. 820; 21 R. C. L. 1053; 50 C. J. 157, 164; Annotations, 48 A. L. R. 715; 65 A. L. R. 1425; Mortgage Guarantee Co. v. Chotiner, 8 Cal. (2d) 110, 64 P. (2d) 138, 108 A. L. R. 1080, Annotations, page 1088."

In the case at bar there is no showing that appellant was injured by the sales of the road machinery and the

542

application of the proceeds of the sales on the indebtedness of Good Roads to appellees, nor is there any showing that the machinery was not sold in good faith.

We think also that the judgment of the lower court should be sustained on the ground that appellees had no notice of the fact that there was no consideration for the note and mortgage executed by appellant to Good Roads. Appellant knew that his note and mortgage were to be assigned to appellees, and while he contends that it had been represented to him by one of the officers of Good Roads that his note and mortgage were to be pledged only for the purpose of guaranteeing to the appellees that the road machinery would be forthcoming, there is no showing that appellees were apprised of this condition. Furthermore, there is proof in the record to the effect that appellant was informed that his note and mortgage were to be assigned to the banks as additional security for the indebtedness of Good Roads. Even though appellant was in contact with representatives of appellees prior to the time his mortgage was finally accepted by them, there is no showing that he disclosed to them the conditions under which he claims his note and mortgage were executed to Good Roads. Appellant, therefore, can not now assert such defense. Holzbog v. Bakrow, 156 Ky. 161, 160 S. W. 792, 50 L. R. A., N. S., 1023; Flexner v. Meyer's Ex'x, 191 Ky. 133, 229 S. W. 99; Bailey v. Hoover, 233 Ky. 681, 26 S. W. (2d) 522; T. M. Crutcher Dental Depot v. American Indemnity Co., 269 Ky. 177, 106 S. W. (2d) 621.

Judgment affirmed.