318

ANDERSON v. HALE et al.

No. 14115.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 11, 1940.

Davenport & Tipps, of Wichita Falls, for appellant.

Harris & Martin, of Wichita Falls, for appellees.

BROWN, Justice.

Appellant brought suit in the District Court of Wichita County against M. M. Easterday, Mrs. C. P. Hale and Elwyn Hale, in which suit he alleged that he is the owner of an undivided one-half interest in an oil and gas lease covering 80 acres of land in said county; that the title to such lease was in his name and he entered into an oral agreement with said Easterday, under which appellant would furnish the oil and gas lease and supervise the drilling of a well thereon and Easterday would furnish the money for such operations and that when the well was completed each would own an undivided one-half interest therein.

He next alleges that on May 2nd, 1938, he executed a purported assignment of such lease to Easterday; that there was no consideration for the assignment; that it was not acknowledged before any officer; that it was not to be recorded; that it was obtained from appellant by false and fraudulent representations made to him by Easterday, the substance of such being that Easterday was attempting to raise money to continue drilling operations on such lease and "needed some kind of instrument from plaintiff, who held the title to said lease in escrow by virtue of an assignment from one Harry Hill, which assignment was in escrow in the hands of Arch Dawson, an attorney of Wichita Falls, Texas, and further, that in view of the fact that the original lease was also in escrow in the hands of said attorney that there was nothing outside of the papers held by said attorney to show the existence of any lease, and further, that if the plaintiff would give to the defendant, M. M. Easterday, an assignment of said lease, the said defendant could take that and use it to show the existence of said lease and the fact that it had been assigned to plaintiff and from plaintiff to the defendant, and that the defendant Easterday, by virtue of same, would be enabled to raise money with which to carry on said operations." He further alleged that Easterday represented to him that after such assignment had served its purpose, same would be given back to plaintiff and would be destroyed, and that it would be used for no other purpose than that represented, would not be recorded and would not be used for the purpose of asserting title had passed out of plaintiff. He further alleged that after Easterday procured such assignment he recorded same and executed a deed of trust upon the property to Mrs. C. P. Hale, as beneficiary, which was neither authorized nor ratified by him; that Easterday and Mrs. Hale thus conspired to defraud him of his interest in the lease; and that Mrs. Hale knew of all such facts when she took the deed of trust. He further alleged that he and all of the defendants named had formed a copartnership, "by which the said parties would join and as said partners de-

velop said property, the said plaintiff giving to the defendants a one-half interest in the lease in consideration of the defendants providing the money with which to develop said property and purchase equipment for said purposes"; that a fiduciary relationship thus arose and the defendants each owed him the utmost good faith. He further alleged that Mrs. Hale had the property sold under the deed of trust, but that such sale is void, and same was a part of the conspiracy to defraud him of his interest in the lease.

He prayed for a cancellation of the assignment and of the deed of trust and judgment for the title to and possession of an undivided one-half interest in the property, and for special and general relief.

The cause was tried to a jury and only two special issues submitted; these and the two answers are: "(1) Find from a preponderance of the evidence if the defendant, Mrs. C. P. Hale, on May 26th, 1938, the date she took the Deed of Trust, had notice of the interest of the plaintiff, Joe S. Anderson, if any, that he had in the eighty (80) acre oil and gas lease in controversy?" Answer: "Yes". "(2) Find from a preponderance of the evidence if the assignment given by Joe S. Anderson to M. M. Easterday, dated May 2nd, 1938, was given to the said M. M. Easterday by the said Joe S. Anderson for the purpose of enabling the said M. M. Easterday to raise money with which to finish drilling and completing the well which was being drilled on the eighty (80) acre oil and gas lease in controversy?" Answer: "No".

No other issue of fact was requested by either party and no objection was urged by either party to the charge as given.

Plaintiff made a motion for judgment, which was denied, and the defendants, Mrs. C. P. Hale and Elwyn Hale, who had brought a cross-action, the purpose of which was to quiet title in said property, made a motion for judgment notwithstanding the verdict, and this motion was granted and judgment rendered that plaintiff Anderson take nothing and that Mrs. C. P. Hale recover judgment for title to and possession of the property involved as against both Easterday and Anderson.

Anderson having appealed presents the six assignments of error, in substance as follows: (1) the court erred in rendering judgment for defendants because same is contrary to the verdict returned by the jury to the issues submitted; (2) the court erred in rendering judgment non obstante veredicto for the defendants because the jury found that when Mrs. Hale took the deed of trust on the property she knew that Anderson at that time owned an interest in the said lease, and because the jury found that the assignment from Anderson to Easterday was not made for the purpose of obtaining money for the completion of the well; (3) the third is in effect the same as the first; (4) the court erred in failing to enter judgment for the plaintiff on his motion therefor; (5) the court erred in rendering judgment for the defendants because under the finding of the jury to issue No. 1 the deed of trust would be void and of no effect; (6) the court erred in failing to render judgment for the plaintiff because the undisputed testimony shows and the jury found that Mrs. Hale advanced the money and knew at the time that Anderson was an owner of an interest in same (meaning, evidently, the lease) and that he did not agree to nor sign the deed of trust, and the purported sale thereunder would be void and of no force and effect for all of the reasons stated.

We see no merit in any of the assignments of error.

When appellant was asked to detail his agreement with Easterday, he testified: "The agreement was that he would raise the money necessary to drill the well, and complete the well, and I was to take charge of the operations, of the drilling of it, and he was to have one-half interest for getting the money, and I was to have my half for getting the lease and looking after it." All of the evidence tends to show that the matter was being handled in such a manner.

It affirmatively appears from both the pleading and the testimony of Anderson that he voluntarily gave Easterday the assignment which purported to place the entire title to the lease in Easterday, and that this was done for the purpose of permitting Easterday to use the assignment to obtain money with which to drill and complete the well.

The undisputed testimony shows that such purpose was carried out by Easterday and that Mrs. Hale furnished the money.

We cannot conceive of the assignment being used in any other way than that disclosed by the record before us.

If the purpose of Anderson's pleading and testimony is simply to show that the assignment was executed and delivered to Easterday so that Easterday could exhibit it to a prospective lender in order to bolster up

his financial standing and thus obtain funds from such lender on the theory that Easterday owned this property in his own right, then and in such event Anderson would be in no better position than he finds himself when the assignment appears to be· bona fide.

The finding made by the jury to issue No. 1 gives no comfort to Anderson.

What if Mrs. Hale did have notice of the interest that Anderson had in the lease when she furnished money to drill the well that Easterday and Anderson were putting down at the time? There is nothing even tending to show that she knew the assignment from Anderson to Easterday was for any purpose other than a bona fide transfer of the title to Easterday and no effort was made to establish any such other purpose, or any conspiracy between Mrs. Hale and Easterday to defraud Anderson.

Every issue attempted to be raised by Anderson has been abandoned except the two issues that were submitted to the jury.

■ We have read the statement of facts and we do not find where any specific testimony was adduced which tended to show that Mrs. Hale knew what interest, if any, Anderson had in the lease, but even if she knew that the assignment was for the purpose of raising money to drill the well and if she knew that when the well was drilled Easterday was in honor bound to reconvey to Anderson an undivided one-half interest in the lease, we can see no reason why her deed of trust would not, under the circumstances, become a valid lien against the premises, or why Anderson would not be bound thereby.

By his acts Anderson deliberately made it possible for Easterday to give a lien upon the oil and gas lease to raise money to drill a well thereon. This Easterday did and Anderson cannot at this late date deprive the lender of the rights that arose through and from his personal acts.

The finding made by the jury to Issue No. 2 is not only contrary to the undisputed evidence given by Anderson but it is not supported by either direct or circumstantial evidence. Stevens & Andrews v. Gainesville Nat'l Bank, 62 Tex. 499; Silverman v. Harmon, Tex.Civ.App., 250 S.W. 206, writ dismissed; Marx v. Elsworth, 2 Posey Unrep.Cas. 83.

■ These cases support the equitable doctrine that, "It is a general rule that where one of two innocent persons must suffer by the misconduct of a third person, that party shall suffer who, by his own acts and conduct, has enabled such third person, by giving him credit, to practice a fraud or imposition upon the other party."

The judgment is affirmed.