**SEIGAL v. WARRICK et al.**

**No. 5900.**

Court of Civil Appeals of Texas. Amarillo.

Oct. 18, 1948.

Rehearing Denied Nov. 13, 1948.

Hamilton & Hamilton, of Matador, for appellant.

R. H. Cocke, of Wellington, for appellees.

LUMPKIN, Justice.

The appellant, Forrest Seigal, instituted this suit against the appellees, V. E. Warrick and J. L. Warrick, for the conversion of 456 bushels of shelled corn.

Trial was before the court without the intervention of a jury. At the conclusion of the evidence the trial court rendered judgment for the appellees. From this judgment the appellant has duly perfected his appeal to this Court.

In its findings of facts, which were filed at the appellant's request, the trial court found, as far as is material to this opinion, the following: The appellant resides at Goodland, Sherman County, Kansas. On January 27 1948, he purchased 25,820 pounds of No. 2 corn at Bradley, Nebraska, for $2.50 per bushel. This corn was loaded in the appellant's six wheel trailer truck and brought to Goodland. On February 6,

1948, the appellant instructed Auman A. Bevains, a man who had been in the appellant's employ for about three weeks, to drive the truck loaded with the corn from Goodland to Wichita Falls, Texas, and deliver the corn to one Arthur Cooper. The appellant furnished Bevains with $80 expense money and loaned him his jacket and a pair of boots. On the side of appellant's truck was the name "Forrest Seigal, Goodland, Kansas," together with the K.C.C. number.

The appellees are engaged in the grain business at Wellington, Texas. On February 7 Bevains appeared at Wellington and offered the corn for sale to Jones Singley, a grain dealer, who refused to buy the corn because of the falling market price. Bevains then offered the corn to the appellees, and the appellees purchased 26,070 pounds of No. 3 yellow corn, paying $3.50 per hundred weight. During the course of the transaction, Bevains represented to the appellees that he had bought the corn in Kansas some three weeks previously at $2.40 per bushel, that he was losing between 30 and 40 cents per bushel on his trade with the appellees, but that he might as well take his loss and try to make it back by purchasing and hauling tile. The appellees gave Bevains a cheque in the amount of $912.45. In order to accommodate him the appellees cashed the cheque. The cancelled cheque was offered in evidence. The appellees sold the corn to a livestock feeder for $2.10 a bushel. The court found that neither of the appellees saw the appellant's name and address on the side of the truck, although it was noticed by Jones Singley; that the market value of the corn purchased by the appellees on February 7 at Wellington was $2.10 per bushel; that on February 8 the appellant's truck was found abandoned at Childress, Texas; and that Bevains had not been located at the date of the trial.

Since the trial court found that a loss must result to either the appellant or the appellees, the court concluded as a matter of law that where there are two innocent parties, one of whom must suffer a loss by reason of the defalcation of a third party, the innocent party who places the third party in a position to impose upon the other innocent party is estopped to recover his loss from the other of the two innocent parties.

The appellant asserts that the facts show a conversion of his corn, and thus the court erred in rendering judgment for the appellees.

■ It is a fundamental principal of law that no one can be divested of his properly without his consent. One who buys property from a person who neither owns it nor is authorized by the owner to sell it receives no title, even though he is a purchaser in good faith. However, as a limitation upon this rule of law, where the real owner, by some act or conduct, vests the possession and right to personal property apparently in the seller, he thereby estops himself from setting up a claim to the property as against a purchaser for value without notice. It has been said that where the owner of personal property clothes another with the indicia of title, or allows him to appear as the owner, or as having the power of disposition, an innocent third party dealing with the apparent owner will be protected. However, the buyer under such circumstances has the burden of proving that he paid a valuable consideration in good faith and without notice and that the true owner either did something with the intention of misleading him or else was guilty of some form of negligence calculated to produce a deception. Neale v. Sears, 31 Tex. 105; Texas Pipe Line Co. v. Cozart, Tex.Civ.App. 38 S.W.2d 903, error dismissed.

■■ A careful reading of the record fails to reveal any manner in which Bevains was clothed by the appellant with an indicium of title to the corn. Our courts have held that the owner of personal property will not be estopped by merely entrusting his possessions to another. Possession or control of property is not of itself sufficient for this purpose. If it were, no man could safely leave his watch with a watchmaker. American Exchange Nat. Bank v. Winder et al., 198 N.C. 18, 150 S.E. 489. Mere possession does not warrant an assumption of ownership, and one who buys property must at his peril ascertain the

ownership. Nunn v. Padgitt Bros. et al., Tex.Civ.App., 161 S.W. 921; Case v. Jennings, 17 Tex. 661; Dorsey v. Kemble, Tex. Civ.App., 224 S.W. 217; Kimbell Milling Co. v. Greene, Tex.Civ.App. 162 S.W.2d 991, affirmed 141 Tex. 84, 170 S.W.2d 191. It has been held that the doctrine of two innocent persons must be founded upon something more than the mere possession of personal property. William J. Lemp Brewing Co. v. Mantz, 120 Md. 176, 87 A. 814.

■ Nor can we find the elements of estoppel in appellees' argument that the appellant by placing the corn in Bevains' possession is guilty of misplaced confidence and by misplacing his confidence made it possible for Bevains to come to Texas and sell the corn to the appellees. We see nothing unusual in appellant's actions. Owners of goods for commercial and other purposes must frequently entrust others with possession of them. 46 American Jurisprudence 624. It has been held that as long as the ownership of the goods is not accompanied with the right to sell, the possessor has no power to divest the owner of his title. One having possession of personal property as a bailee or servant can give no title to a bona fide purchaser for value, even though the purchaser is without notice of the want of title in the seller. Bevains had no indicia of ownership other than mere possession, and mere possession does not warrant an assumption of ownership as against the true owner. Dunagan et al. v. Griffin, Tex.Civ.App., 151 S.W.2d 250, dismissed; Barrington v. McBroom, Tex.Civ.App., 157 S.W.2d 463; Drain v. LaGrange State Bank, 303 Ill. 330, 135 N. E. 780; 55 Corpus Juris 632; Gose et al. v. Brooks, Tex.Civ.App., 229 S.W. 979, writ refused.

The appellees rely on the case of Bailey v. Hoover, 233 Ky. 681, 26 S.W.2d 522, in which Bailey traded a practically new Ford and $200 to Sharp for a Pontiac automobile. Bailey signed a blank bill of sale in triplicate with the understanding that it would be used to transfer the Ford from Bailey to Sharp. Later Bailey stored his Pontiac with Sharp who traded it to Dr. Hoover. The bill of sale, which had been signed in blank form by Bailey for the Ford car, was used by Sharp to transfer the Pontiac to Dr. Hoover. Bailey sued Dr. Hoover for conversion. The court said: "The mischief here was wrought by Sharp. Neither Bailey nor Hoover has done any wrong * * * where one of two innocent parties must sustain a loss because of the nefarious acts of another, the loss must fall on the one who put it in the power of the third party to cause the loss." Other cases cited by the appellees are Anderson v. Hale et al., Tex.Civ.App., 144 S.W.2d 318; Dutton v. Kinsey, Tex.Civ.App., 124 S.W.2d 446; Sackenreuther v. Winston, Tex.Civ.App., 137 S.W.2d 93. A reading of these cases will readily reveal the distinction between them and the case before us. In each of those cases the true owner by his conduct placed in the hands of the seller an indicium of ownership, other than mere possession, upon which bona fide purchaser relied for title. In the Bailey case, supra, Bailey placed the signed blank bill of sale in Sharp's hands which became to Dr. Hoover an indicium of ownership. Under the facts in this case Bevains had nothing more than naked possession.

■ We have carefully read all of the authorities cited us by appellees as well as many others. In our opinion the court below erred in rendering judgment for the appellees. It will be noticed that the court in its findings found that the appellees purchased more pounds of corn from Bevains than the appellant placed upon the truck. The appellant alleged the conversion of 456 bushels of shelled corn. The trial court found that the market value of corn on February 7, 1948, at Wellington, Texas, was $2.10 per bushel. In our opinion an opportunity was afforded at the trial of this case for a full and exhaustive development of the testimony. Nothing could be gained by remanding the cause for another trial. The judgment of the trial court is therefore reversed and judgment in the amount of $957.60 is rendered for the appellant.