## Broom v. Klein et al.

January 21, 1949.

S. J. Stallings, Kenneth J. Newman and Charles B. Zirkle for appellant.

Thomas C. Mapother, Jr. and Wade & Mapother for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

J. C. Broom died a resident of Jefferson County sometime prior to January 28, 1947, the date of his death not appearing in the record. One Emma Lue Carter appeared before the Judge of the Jefferson county court and filed her affidavit stating that she was the widow of the deceased, J. C. Broom, who died without issue immediate or remote. She moved the court to dispense with the appointment of an administrator of the estate of her alleged deceased husband, and that his estate be wound up pursuant to the provisions of Chapter 30 of the Acts of 1930, which is now secs. 395.450 to and including 395.500, KRS.

The court in the exercise of his discretion determined that the estate was one to be settled and distributed pursuant to the provisions of that statute.

The record does not show what personal property the decedent owned at the time of his death, except an

automobile which the Jefferson county court in making the order above referred to directed that the alleged widow, under Chapter 163 of the Acts of 1946, was entitled to as her exempted claim of $1,500 out of the personal property or money on hand at the time of her husband's death, which prior to that statute was only $750. The Jefferson county court therefore directed the automobile to be delivered to the widow in payment of her exempted claim, it not being worth exceeding $1,500. On the next day (January 29, 1947) the alleged widow procured a registration of her alleged title to the automobile and on July 25, 1947, she sold it for $1,440 cash to a partnership operating under the name of National Auto Sales composed of the defendants herein, Samuel H. Klein, Isadore Klein, Hattie B. Klein, and Julia W. Klein.

On October 16, 1947, plaintiff, Thomas A. Broom, a brother of the decedent, appeared before the Judge of the Jefferson county court and filed an affidavit stating, among other things, that Emma Lue Carter, on whose motion the county court orders above referred to were made in part satisfaction of her exempted claim as his widow, was not his brother's widow, but on the contrary she at that time was the wife of Walter Carter from whom she had never been divorced, and that her affidavit stating that she was the decedent's widow was false and untrue and was knowingly made for the purpose of defrauding the estate of the decedent of the automobile he owned at his death and to convert it to her own use. He then entered motion that its prior order, through and by which the alleged widow obtained possession of the automobile, be set aside and that he be appointed administrator of his deceased brother's estate, all of which the court did, followed by appellant duly qualifying as such fiduciary.

Thereafter, and on January 13, 1948, appellant, as administrator of the estate of his brother, J. C. Broom, filed this action in the Jefferson circuit court against the members of the partnership, National Auto Sales, in which he alleged the foregoing facts, and that he had demanded of appellees the return to him of the automobile "or to pay him the purchase price thereof, but they declined to do either and have wrongfully and unlawfully converted the said automobile to their own use by

selling the same to another." He prayed judgment against the members of the partnership in the sum of $1,440, being the amount they paid the alleged fraudulent widow for the automobile, which plaintiff alleged was its reasonable market value.

On March 5, 1948, defendants filed a general demurrer to the petition, the order being: "Comes defendants by counsel and files a demurrer to the petition herein." The next order appearing in the record was one filing a special demurrer by defendants made on May 5, 1948, the order being: "Comes the defendants and demurs specially to plaintiff's petition because the court has jurisdiction neither of the parties nor of the subject matter." The court sustained the special demurrer and overruled a later motion of plaintiff to set aside the order which motion was overruled, followed by the court dismissing the petition, from which plaintiff prosecutes this appeal.

It will be perceived that the trial court never acted on the general demurrer filed to the petition, and, therefore, never determined that the alleged facts therein entitled plaintiff to the relief he sought against appellees. Therefore, we express no opinion with reference thereto, but will confine this opinion entirely to the propriety of the court's order in sustaining the special demurrer, and dismissing the petition.

The only argument of counsel for appellees in his effort to have this court sustain the trial court's judgment is, that the 1930 statute, above referred to, did not authorize the Jefferson county court to set aside its order dispensing with the appointment of an administrator and directing that she take possession of the decedent's automobile, as above described, in lieu of her exempted right to $1,500 out of the decedent's personal property, as his alleged widow. The basis of that argument is that after the adjournment of the term of the Jefferson county court, in which the order directing the alleged widow to take possession of the automobile of decedent, the only procedure by which it could be set aside was that provided by sec. 518 et seq. of the Civil Code of Practice, which as argued was not repealed by implication by the enactment of the 1930 statute relating to the dispensing with the appointment of a personal representative "in

certain cases." We are, however, unable to concur in that interpretation.

The 1930 Act is a totally independent one, not purporting in any way to amend any existing statute. It creates a class of estate of intestate decedent for which no personal representative need be appointed and, as we have seen, sec. 395.500 (a part of that act) expressly says:

"An order dispensing with administration may be set aside at any time within five years upon motion of any person who satisfies the court by prima facie proof that he has a just and unsatisfied claim or demand against the estate."

The application for setting aside the order dispensing with the appointment of an administrator, and delivering the possession of the automobile to the alleged widow of decedent, was made by appellant within five years after the entry of the dispensing order, and, since the county court is one of general and original jurisdiction in probate matters both of the orders referred to must be presumed to be supported by sufficient evidence to sustain each of them and they are not subject to collateral attack.

If, however, it should be admitted, in arguendo, that the contention of appellees' counsel is correct, then the application of appellant to have it set aside and that an administrator be appointed for the decedent's estate after notice given to the alleged widow was the equivalent of and in substantial compliance with the provisions of section 518 of the Code.

The argument is a collateral attack of the order and judgment of the Jefferson probate court in the appointment of plaintiff as administrator of the estate of his brother, which may not be done to defeat this action filed by the administrator so appointed recovering a supposed asset of the decedent's estate, which plaintiff asserts in his petition was and is true under the facts alleged in his petition, and that it was recoverable from the defendants, and appellees. Whether or not that contention is correct is a question that was not raised by the special demurrer filed by defendants, but could only be raised by their general demurrer to the petition which, as we have seen, was not acted on by the court.

It follows, therefore, that the court erred in sustaining defendant's special demurrer. to the petition and dismissing it, for which reason *alone* the judgment should be and it is reversed with directions to set aside the judgment dismissing the action and for proceedings not inconsistent with this opinion.