## Dudley v. Lovins et al.

April 29, 1949.
Rehearing denied June 24, 1949.

492

Waylon Rayburn for appellants.

J. Brandon Price for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

Appellants and appellees are both engaged in the used car business in neighboring communities, the former doing business in Murray and the latter in Paducah. One Dudley fraudulently purchased from appellees a used Chevrolet automobile. The following day he sold it to appellants. In a suit against Dudley and appellants, appellees recovered a judgment against both for substantially the amount of the original purchase price. Appellants appeal on the ground that they were innocent purchasers for value, and the judgment is contrary to the law and the evidence.

On the afternoon of May 23, 1947, Dudley presented himself at appellees' place of business and agreed to buy a 1941 model Chevrolet for $1200. He represented that his name was Charlie Walters, and gave to appellees a check for $1200 on the Bank of Benton executed

in that name. Appellees ascertained that a check of Charlie Walters on the bank would be honored before accepting it from the purchaser. Appellees also attempted to have Dudley identified by another car dealer who knew him. This other person told appellees he knew Dudley's face, and accepted the latter's statement that he was Charlie Walters. The sale was then consummated, and appellees delivered a bill of sale to Dudley made out in the name of Walters.

Early the next morning Dudley appeared at appellants' place of business in Murray and offered to sell the automobile. He stated he was being called back to Detroit or New York and had no use for it. He first offered to sell for $1,000, but finally appellants purchased this vehicle from him for the sum of $850 cash. They did not know the seller, and made no attempt to identify him.

The check issued to appellees was a forgery, and was not honored by the bank. Clearly appellees could rescind the transaction with Dudley on the ground of fraud, and the judgment against him in this case is not being appealed.

KRS 361.240 provides:

"Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title."

'Appellees first take the position that Dudley's title was absolutely void and, therefore, appellants are not entitled to protection as bona fide purchasers for value. While it is true in some instances of mistaken identity that no title passes by the mere transfer of possession, that rule is inapplicable here. Not only did appellees deliver possession to Dudley, but they vested him with the indicia of title. They were personally dealing with him and actually intended to transfer title to him. These acts, coupled with this intention, effectively vested Dudley with a voidable title even though appellees were mistaken as to his identity. The correct rule is thus stated in 46 Am. Jur., Sales, Section 476, page 642:

"In the case of a sale with intent to transfer title

to the one with whom the seller is dealing, it is generally held that title passes although the seller is deceived as to identity of such person, and a good title may be given to a bona fide purchaser. Where, for example, the impostor appears personally before the seller, although he represents himself to be another person and buys goods on credit, it has been said that there is a sale voidable merely, since the seller could not have supposed he was selling to anyone other than the person present, and it would seem to follow, if this is true, that the impostor in case the goods are delivered to him could transfer a good title to a bona fide purchaser.''

Appellees next insist appellants were not purchasers for value in good faith because they had notice of facts which would put a reasonably prudent man upon inquiry concerning the nature of Dudley's title, and they negligently failed to discover that he was an impostor. A person is generally not deemed a bona fide purchaser if he has notice of facts which would cause a reasonably prudent person to make further investigation to ascertain if there is an adverse interest in the property. 46 Am. Jur., Sales, Section 465.

Appellees argue the following circumstances were sufficient to put appellants on inquiry concerning the integrity of Dudley: (1) The latter appeared at their place of business early in the morning, (2) the bill of sale showed that the automobile had been purchased the day before, (3) the bill of sale showed the price paid for the automobile was $1200, which Dudley finally agreed to sell for a substantially less amount.

Item (1) has no significance standing alone. With respect to item (2), the date of the prior purchase, appellants testified that they did not notice it. They further stated it was not uncommon for title papers to be issued several days after the date of an actual sale. Further they indicated that the date the automobile had been previously purchased was not of any significance, because at that time used cars were being rapidly turned over in what we all know was a highly inflated market. We think the evidence shows clearly there was nothing unusual about this transaction with Dudley, unless, as appellees insist, the sale price was inadequate under the circumstances.

Concerning item (3), the evidence establishes that the price of $850 paid to Dudley fairly represented the wholesale value of this automobile. Appellants proved without contradiction that immediately after the purchase it was necessary to make substantial repairs on the vehicle, and when it was resold a few weeks later, they suffered a net loss on the entire transaction.

We believe the Court below erroneously *assumed* that appellants *owed appellees some duty* to investigate the identity and integrity of Dudley. Since the automobile was purchased for value and without any actual notice that the seller had a voidable title, appellees' right of recovery must be based on evidence of appellants' *bad faith.* When we consider the fact that appellees themselves had, by executing and delivering a bill of sale to Dudley, practically certified his identity; and by accepting the check had acknowledged his reliability, they are in a rather weak position when they contend appellants acted in bad faith in relying on appellees' own business judgment. Bona fide purchasers are favorites of the law, and they should only be required to pay for another's negligence or mistake when the circumstances are so unusual as to justify a finding that they took unfair advantage of a transaction initiated by the complaining party.

It is unfortunate that appellees were defrauded. It is inequitable to require a blameless third party to pay for their mistake. Both parties being innocent, the loss must be borne by the party whose initial conduct puts it in the power of another to cause the loss. Bailey v. Hoover, 233 Ky. 681, 26 S. W. 2d 522; Roberts v. Rider, 255 Ky. 266, 73 S. W. 2d 17.

While the decision of the judge in this case must be given the weight accorded the verdict of a properly instructed jury, there was no substantial evidence to justify a finding for appellees.

For the reasons stated, the judgment is reversed for directions to dismiss appellees' petition as to appellants.