**BROOM'S ADM'R v. NATIONAL AUTO SALES, Inc.**

Court of Appeals of Kentucky.

Feb. 29, 1952.

S. J. Stallings, Kenneth J. Newman and Charles B. Zirkle, all of Louisville, for appellant.

Thomas C. Mapother, Jr., Louisville for appellee.

STANLEY, Commissioner.

In Broom v. Klein, 309 Ky. 224, 217 S.W.2d 206, we reversed a judgment sustaining a special demurrer and dismissing the petition of the administrator of the estate of J. C. Broom against a partnership to recover the value of an automobile. On the return of the case, the corporation, National Auto Sales, was substituted for the partnership. The trial court made a finding of law and facts and awarded

judgment for the defendant on the ground of estoppel.

We abbreviate the facts. When Broom was killed in December, 1946, and for several years before, he and Emma Lue Carter had been living together as husband and wife. She was generally known as Emma Lue Broom although she had a living husband. She took possession of all of Broom's property and exercised ownership and control of it as if she were in fact his widow. All this was well known to the deceased's brothers and other relatives. Thomas, who later qualified as administrator, came to Louisville from New York, where he lived, the day after his brother's funeral and remained about a week. A month after Broom's death, Emma Lue, by false affidavit, represented to the county court that she was his widow, and that his estate consisted only of an automobile worth $700. She procured an order dispensing with administration and awarding her the automobile as an exemption to a widow. The next day she had the registration of the car transferred to herself as Emma Lue Broom and thereby procured a transfer of the title of record. Six months later, on July 25, 1947, she sold the automobile to the defendant for $900. The defendant had diligently investigated her possession and record title, including the order of the county court. It purchased the automobile in good faith for valuable consideration and without notice of any infirmity or defect in the title.

The deceased's brother, Thomas, returned to Louisville from New York on July 4, 1947, about six months after he had been there. He saw the woman nearly every day. But no step was taken by him or any of the other brothers to protect or preserve the estate for their benefit as his only heirs. Two of them lived in Louisville. They all knew she had possession of the automobile. They did nothing for ten months to avoid the fraud perpetrated by the Carter woman. No legal action was taken until October, 1947, when, at the instance of Thomas, the county court set aside the order awarding the automobile to her and appointed him as administrator. It appears that the Carter woman was served with notice of this proceeding but did not respond and later moved to Chicago.

It may be said that Thomas was ill during the six months interval, from January to July, and one of the deceased's brothers was restrained from activity outside the walls of a penitentiary. Two half-brothers, however, were living in Louisville all the time.

The appellant seeks to reverse the judgment of estoppel upon the grounds: (1) that the order of the court transferring the automobile to the Carter woman was null and void because obtained through fraud upon the court, hence, no legal title flowed from it to the purchaser; (2) the doctrine of estoppel does not apply because of the absence of prerequisites of knowledge and change of position.

█ The invalidity of the order of the county court may be conceded, for a judgment obtained by fraud is void. Houston's Guardian v. Luker's Guardian, 253 Ky. 602, 69 S.W.2d 1014.

█ Because of the fraud, the woman never acquired actual title to the automobile; nor did the buyer. Bozeman Mortuary Association v. Fairchild, 253 Ky. 74, 68 S.W.2d 756, 92 A.L.R. 419. But the real owners, the heirs, may be estopped to question the title of the purchaser if they were culpably negligent in respect to some duty owing to the public or any prospective purchaser which would lead an innocent party into the mistake of accepting as true the claim and indicia of title, or as real the presumptive and recorded title of the woman. Blue Grass Taxi Garage Co. v. Shepherd, 304 Ky. 390, 200 S.W.2d 936. "Bona fide purchasers are favorites of the law, and they should only be required to pay for another's negligence or mistake when the circumstances are so unusual as to justify a finding that they took unfair advantage of a transaction initiated by the complaining party." Dudley v. Lovins, 310 Ky. 491, 220 S.W.2d 978, 980.

█ With knowledge of the facts, all of the beneficiaries of this estate stood by silently and did nothing. They were culpably negligent for six months while the woman held the possession and certificate

of title to the automobile. In good conscience they should have taken action before the innocent purchaser was misled to its loss and prejudice. It is a familiar rule that where one of two innocent parties must sustain a loss, it must fall on the one who put it in the power of a third party to cause it. One may be denied a right because of neglect to do something at the proper time. Skaggs v. Ferguson, 224 Ky. 775, 7 S.W.2d 213; Bailey v. Hoover, 233 Ky. 681, 26 S.W.2d 522; P. V. & K. Coal Co. v. Kelly, 301 Ky. 180, 191 S.W.2d 231. The primary dereliction of the heirs in this case is their failure to have had an administrator appointed to proceed as such personal representative of the decedent to take the automobile into possession. The question is resolved into this: Can these beneficiaries erase their culpability so far as it concerns the innocent party by having one of their number appointed administrator after the damage has been done?

■ It is commonly said that title to personal property of a decedent relates back and vests in his administrator or executor as of his death. Obviously, the character of title is not absolute but fiducial, for it is held for the purpose of administration only. Gibson's Adm'r v. Gibson, 241 Ky. 74, 43 S.W.2d 343. The administrator is but a trustee for the collection of the assets, payment of the debts and distribution of the balance among the next of kin as distributees. He occupies the position of trustee for the persons beneficially interested in the estate. 21 Am.Jur., Executors and Administrators, Secs. 8, 9; Carpenter v. Planck, 304 Ky. 644, 201 S.W.2d 908. The equitable ownership of the balance after payment of claims is in those entitled to it although they acquire no legal title until the estate has been settled. The distribution really passes no new title but merely sets aside the property to which the distributees' title attached. In point of fact, under some circumstances the heirs or legatees may protect their rights independently of an administrator. Thus, they may prosecute an action in behalf of the estate or defend a claim against it where the administrator refuses to afford that representation. Burchett v. Burchett, 226 Ky. 5, 10 S.W.2d 460, and if sui juris, they may dispense altogether with administration and agree upon a division of the property. Trent v. Griffy, 193 Ky. 124, 235 S.W. 22. The point is that this automobile really belonged to these heirs all the time it was in possession of the woman under claim of title.

■ It is generally said the relation of privity does not exist between an administrator and the distributees of an estate, hence, that there can be no estoppel of an administrator by any action or nonaction of a distributee. Undoubtedly, that is sound in theory and in practice in the ordinary or regular course of administration. 19 Am.Jur., Estoppel, Secs. 156, 157; 21 Am.Jur., Executors and Administrators, Sec. 6. But the factual situation may call for an exception. In a situation like the present, the beneficiaries of the estate are the real parties in interest and the only parties in interest. The administrator is but their agent and would be but a mere conduit through which the recovery would flow to them.

We have an analogy in Williams Coal & Coke Co. v. Spears, 277 Ky. 57, 125 S.W.2d 745, which held that heirs of a grantor were estopped from claiming a mineral deed to be invalid because of the grantor's mental incapacity where the heirs had silently acquiesced in the deed and with the development of the property for a period of seventeen years before the death of the grantor. They were estopped because they had not instituted proceedings to have the grantor declared legally incompetent and a committee appointed for him and through the committee have questioned the validity of the deed.

We recognize that technically the administrator, as the representative of the decedent's estate, could not be estopped to maintain the action, but in point of conscience and equity he, individually and all the other beneficiaries are estopped to claim the benefit of such action. The practical result is the same.

The judgment is affirmed.