Eary E. ADKINS, Appellant,

v.

Atha DAMRON, Appellee.

Court of Appeals of Kentucky.

Feb. 6, 1959.

Rehearing Denied June 19, 1959.

W. W. Burchett, Prestonsburg, for appellant.

Joe P. Tackett, Tackett & Tackett, Prestonsburg, for appellee.

CULLEN, Commissioner.

Eary E. Adkins brought action against Atha Damron to recover possession of a refrigerated vegetable display case, valued at $850, which Adkins alleged belonged to him and was being wrongfully withheld by Damron. At the close of the plaintiff's evidence the court directed a verdict for the defendant, and entered judgment dismissing the action. Adkins has moved for an appeal.

The evidence showed that Adkins purchased the vegetable case from Chester Little, a dealer, in June 1954, and paid cash for it. The case was installed in a grocery store operated by Adkins, but did not operate properly. At Adkins' request, Little made several unsuccessful attempts to adjust it to work satisfactorily, and finally, in January 1955, Little took the case back to his place of business for the purpose of making necessary repairs or replacements of parts. Little retained possession of the case for some 10 months, during which period Adkins on a number of occasions

490

visited Little's place of business to inquire about the case. On some occasions Little was not there, and on other occasions he told Adkins that he was waiting for a "factory man" to come in. On a final visit, in November 1955, Adkins found that his vegetable case had disappeared, and that Little had left the state. He later learned that Damron had bought a vegetable case from Little in October, and upon going to Damron's store, Adkins identified the case as being his. Damron refused to surrender possession, and this lawsuit followed.

The evidence showed that Damron bought in entire good faith, and paid full value, believing that the case was a new one from Little's stock. There was some question as to whether the case purchased by Damron was in fact the same one that Adkins had returned to Little for repair, but the court found that it was. So the controlling question is one of implied authority of Little to pass title, or of estoppel of Adkins to assert title.

The trial court held that Damron had acquired good title by virtue of the provisions of KRS 361.250. This statute (a part of the Uniform Sales Act) provides in effect that where a person having sold goods, "continues in possession of the goods," a subsequent sale of the goods by him to a bona fide purchaser for value shall pass title. We are of the opinion that the court was in error, and that the statute is not applicable.

■ With respect to this provision of the Uniform Sales Act, Williston says:

"Where, however, delivery of goods is made to a purchaser who subsequently returns them to the seller for * * repair and he, in violation of his authority, resells them, * * * the new purchaser * * * is not protected by the statute." Williston on Sales, sec. 349, p. 354.

To the same effect is the holding in Schafstall v. Eastbourne Garage, Inc., 65 Ohio App. 481, 30 N.E.2d 571.

We think it is clear that the statute applies only where the seller retains possession without having made delivery to the original purchaser. If, as in the instant case, the seller makes delivery, and later is put in possession again for the purpose of making repairs, such possession is not in the capacity of a seller within the meaning of the statute.

■ . Since the statute does not apply, the question is whether Adkins' conduct was such as to estop him from denying Little's authority to pass title to Damron. We believe that Adkins could be estopped only by a showing that he had knowledge that Little was displaying the vegetable case as an item of merchandise for sale, or otherwise exercising acts of ownership. The mere fact that Adkins permitted Little to retain possession for a period of 10 months could not alone give rise to an estoppel, in the absence of some evidence that Little, with Adkins' knowledge, was so handling the vegetable case as to lead his customers to believe that he had authority to sell it. While Damron testified that when he bought the case, it was standing in Little's storeroom on a crate bottom, on top of a crated motor unit, there is no evidence that on the occasions when Adkins visited the storeroom the case was on display as for sale or otherwise in such a position or condition as to indicate that Little was treating it as a part of his stock of merchandise.

The authorities relied upon by Damron are not in point. In Broom's Adm'r v. National Auto Sales, Ky., 246 S.W.2d 1008, the heirs of a decedent stood by for six months, doing nothing to assert their rights, while a woman with whom the decedent had been living exercised overt acts of ownership of the decedent's automobile. In Dudley v. Lovins, 310 Ky. 491, 220 S.W.2d 978, the owners actually passed a voidable title to the wrongdoer. In Bailey v. Hoover, 233 Ky. 681, 26 S.W.2d 522, the owner gave the wrongdoing bailee a signed bill

of sale in blank, which enabled him to transfer formal evidence of title.

We do not find in the evidence in the instant case any basis for an estoppel against Adkins. Accordingly, it is our opinion that the court erred in sustaining the defendant's motion for a directed verdict.

It may be that in the future a different result would be reached under facts similar to those here presented, by virtue of section 2–403 of the Uniform Commercial Code, which has been adopted in Kentucky, by Chapter 77 of the Acts of 1958, to become effective July 1, 1960. However, this case cannot be governed by a statute not yet in force.

The motion for an appeal is sustained and the judgment is reversed, for further proceedings in conformity with this opinion.