UNITED ROAD MACHINERY COMPANY, Appellant,

v.

Ethard JASPER, Individually and d/b/a Jasper Wrecking or Junk Yard, Jasper & Jasper Coal Company, Inc., and Clyde Jasper, Appellees.

Court of Appeals of Kentucky.

June 23, 1978.

Henry C. Stoltz, London, for appellant.

Lester H. Burns, Jr., Burnside, for appellees.

Before WHITE, HAYES and PARK, JJ.

WHITE, Judge.

Appellant seeks reversal of a Laurel Circuit Court order dismissing the complaint against appellees Ethard Jasper individually and d/b/a Jasper Wrecking or Junk Yard, Jasper & Jasper Coal Co., Inc. and Clyde Jasper. Consolidated Coal Corporation and J. R. Durham are not parties to this appeal as no appealable order has been entered concerning these defendants.

Appellant United Road Machinery Co. is a dealer in heavy road equipment, including truck scales, with its principal place of business in Memphis, Tennessee. Its supplier for such truck scales is Thurman Scale Company in Columbus, Ohio. Appellant received a phone call on July 21, 1975, from James R. Durham, an officer of Consolidated Coal Co., seeking acquisition of truck scales for his coal-mining operation. A lease-purchase agreement was entered into by the parties at this time providing for monthly payments of $608 over a 24-month period with an option to purchase for one dollar consideration, exercisable at the termination of the lease. The designated scale was a Thurman portable-pitless scale, Model RS 5260–PFW–TPB, 50-ton capacity, serial number 75PT6126, valued at $13,133.

Appellant subsequently notified its supplier, Thurman Scale Company, that Consolidated Coal would take possession of the scales from the supplier. Appellant paid for the machinery at that time. On July 28, 1975, Consolidated Coal obtained the scales without signing a contract with appellant at that time; rather, the contract

papers were forwarded to Consolidated by appellant but never returned. The scales were taken to Consolidated's place of business in Laurel County where decking was added, increasing the value of the scales to approximately $16,000. Appellant has never received any consideration, either in rental payments or purchase price, on this equipment.

On September 20, 1975, Consolidated Coal, through its agent and officer J. R. Durham, sold the truck scales to Kentucky Mobile Homes, whose president is Ethard Jasper, for a purchase price of $8,500. Before purchase, Ethard Jasper checked Laurel and Pulaski County records for any possible lien, mortgage or other encumbrance on the property. Such search revealed no encumbrance of any kind. Ethard Jasper contends that Consolidated Coal appeared to have good title to the scales and he further denies any knowledge of the dispute between appellant and Consolidated Coal.

On September 22, 1975, Kentucky Mobile Homes sold the truck scales to Clyde Jasper, individually, for $8,500 in cash. Before purchasing the equipment, Clyde Jasper also conducted a search of Laurel and Pulaski County records, which revealed no evidence of any lien, mortgage or encumbrance on said machinery. Clyde Jasper also denies any knowledge of the dispute between appellant and Consolidated Coal Company or appellant and Kentucky Mobile Homes. The scales are presently in the possession of Clyde Jasper on his property in Pulaski County, Kentucky; and First and Farmers National Bank of Somerset, Kentucky holds a mortgage on the scales, which is recorded in the county clerk's office in Pulaski County.

Three possible situations exist under which appellees received possession of the scales, any one and/or all three of the possibilities conferring good title in appellees.

The first possibility is that Consolidated Coal Company had good title to the truck scales. Under both Common Law and the Uniform Commercial Code, a purchaser acquires all title the seller had or, if a limited interest is transferred, all title to the extent of that interest. KRS 355.2-403(1). Thus if Consolidated Coal possessed good title to the truck scales, appellees in turn gained good title upon transfer.

The second possibility occurs if Consolidated Coal had voidable title. KRS 355.2-403(1) provides: "A person with voidable title has power to transfer a good title to a good faith purchaser for value." Assuming that Consolidated Coal had voidable title, appellees, to obtain good title, must be found to be good faith purchasers for value. KRS 355.1-201(19) defines "good faith" as ". . . honesty in fact in the conduct or transaction concerned." "Purchaser" is defined as ". . . a person who takes by purchase." KRS 355.1-201(33). "Purchase" in turn ". . . includes taking by sale, discount, negotiation, mortgage, pledge, lien, issue or reissue, gift or any other voluntary transaction creating an interest in property." KRS 355.1-201(32). Lastly, ". . . a person gives 'value' for rights if he acquires them (d) generally, in return for any consideration sufficient to support a simple contract." KRS 355.1-201(44)(d). As the circuit court aptly put it: "A 'good faith purchaser for value' can be defined as one who takes by purchase getting sufficient consideration to support a simple contract, and who is honest in the transaction of the purchase." It is the opinion of this court that appellees meet this criteria.

Concerning voidable title, KRS 355.2-403(1) goes on to state that good title may be transferred under certain circumstances:

When goods have been delivered under a transaction of purchase the purchaser has such power even though

(a) the transferor was deceived as to the identity of the purchaser, or

(b) the delivery was in exchange for a check which is later dishonored, or

(c) it was agreed that the transaction was to be a 'cash sale,' or

(d) the delivery was procured through fraud punishable as larcenous under the criminal law.

Assuming that Consolidated Coal's actions toward appellant fall within one of the four enumerated circumstances, a "transaction of purchase" is still requisite before the statute becomes operative allowing transfer of good title. Appellant argues that no transaction of purchase occurred, that the agreement between appellant and Consolidated Coal was not a purchase transaction but merely a lease, and that the law concerning landlord-tenant, and not the Uniform Commercial Code, governs. Therefore the concept of voidable title has no application in this case.

This court feels there was a "transaction of purchase" per the code definition (see above). "The purpose, rather than the name given a contract by the parties controls, and the court will give effect to the real and dominant intention of the parties when definitely ascertained." *Trinity Temple Charities, Inc. v. City of Louisville,* 300 Ky. 172, 188 S.W.2d 91, 94 (1945).

 Even if Consolidated Coal Company had no title in the truck scales to convey, this court finds appellant estopped from asserting his proper title against the appellees as bona fide purchaser. The Common Law rule generally allowed a purchaser to obtain that title possessed by the seller and " . . . one who had no title could convey none." 67 Am.Jur.2d *Sales* § 259, at 394. Exceptions to the general rule were shaped by equity courts and under certain circumstances the true owner of the property was estopped from asserting title. The doctrine of estoppel was applied to circumstances where the seller possessed indicia of ownership sufficient to indicate to the purchaser that he had power to convey.

And it has been stated that no buyer was bound to assume that the seller with whom he dealt was a wrongdoer, and if the seller presented property the title to which was apparently valid and there were no circumstances disclosed which cast suspicion upon the title, the buyer might rightfully deal with him, and, paying full value of the same, acquire the rights of a purchaser in good faith. *Id.* at 395.

In the present case, there was nothing to suggest that Consolidated Coal was not the owner of the scales. J. R. Durham in fact held himself out to be such owner. Furthermore, a search of county records revealed no encumbrances upon the machinery, and appellees had no knowledge of or reason to suspect a dispute between appellant and Consolidated Coal. KRS 355.1–201(37); KRS 355.9–102(1)(a). Under these circumstances, appellees are found to be bona fide purchasers in good faith.

Bona fide purchasers are favorites of the law, and they should only be required to pay for another's negligence or mistake when the circumstances are so unusual as to justify a finding that they took unfair advantage of a transaction initiated by the complaining party.

It is unfortunate that [appellant was] defrauded. It is inequitable to require a blameless third party to pay for their mistake. Both parties being innocent, the loss must be borne by the party whose initial conduct puts it in the power of another to cause the loss. *Dudley v. Lovins,* 310 Ky. 491, 220 S.W.2d 978, 980 (1949).

For the foregoing reasons, the judgment is affirmed.

All concur.